## SETH W. GORDON
### *v.*
## ROBERT GOODELL.

1. NONSUIT — *right of a plaintiff thereto.* The practice act provides, that every person desirous of suffering a nonsuit on trial shall be barred therefrom, unless he do so before the jury retire from the bar. By implication, a plaintiff has a right to suffer a nonsuit on trial, if he makes his motion in time.

2. In this case a judgment had been confessed, the defendant allowed to plead, the judgment remaining as security to the plaintiff; and while the issue made up on the defendant's plea was being tried, and before the jury retired from the bar, the plaintiff asked leave to take a nonsuit; and it was *held,* that the plaintiff had a right to take a nonsuit, notwithstanding the judgment.

3. JUDGMENT BY CONFESSION — *vacating the same at the instance of the plaintiff.* At the time the plaintiff asked leave to take a nonsuit, he also moved the court to vacate the judgment; and there seems to be no reason why that should not be done. Indeed, the nonsuit, to which the plaintiff had a right, would have operated to vacate the judgment, as that rested on the recovery on the issue made up.

4. SAME — *defendant let in to plead — judgment stands.* Where a defendant is let in to plead after a judgment has been confessed, the usual practice is, not to vacate the judgment, but to hold it as a security to the plaintiff, until the issue is determined.

5.  PRACTICE — *time to object to incompetency of a witness.* On the trial of issues in which the question of usury was involved, the defendant became a witness, and was permitted by the plaintiff, without objection, to become a witness generally, to prove other facts than that of usury. It was *held* too late to make the objection to the competency of the witness to testify generally, in the form of an instruction to the jury; nor could it be taken on error.

WRIT OF ERROR to the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding.

On the 25th day of October, 1858, Robert Goodell executed his promissory note, for the sum of $300, payable to S. & B. Taylor, twelve months after date, with interest at ten per cent. after maturity. One year thereafter, Goodell executed to the same parties, another note for the sum of $45. Powers of attorney were given, authorizing a confession of judgment on each of the notes.

Seth W. Gordon, having become the assignee of the notes, and they remaining unpaid at maturity, procured judgment to be entered thereon in vacation, by confession under the warrants of attorney for the sum of $468.11.

Subsequently, the defendant Goodell moved the court to vacate that judgment, and to allow him to plead to the merits. The court refused to vacate the judgment, but allowed the defendant to plead. The general issue was pleaded, and several special pleas the purport of which was, that a greater part of the note for $300, and all of the note for $45, were for usury. The plaintiff replied, denying the usury, and alleged he was an assignee before maturity, without notice. Issues were made up, and a jury was impannelled to try them. On the trial the defendant offered himself as a witness, and was permitted without objection on the part of the plaintiff, to become a witness generally, to prove other facts than that of usury.

After the evidence was closed, and before the case was submitted to the jury, the plaintiff asked leave to take a nonsuit, which was refused by the court. Thereupon the plaintiff entered his motion to vacate the judgment theretofore rendered in the cause by confession, which was overruled, and exceptions were taken.

The plaintiff then asked the court to give to the jury the following instructions:

1. The defendant is not a competent witness to prove the time the notes were indorsed to the plaintiff, nor to show that plaintiff knew of the original consideration of the notes; and as there is no evidence before the jury on the point of the time of assignment of the notes, or knowledge on the part of plaintiff of original consideration and usurious consideration, the jury should find a verdict for the plaintiff for so much as the judgment calls for.

2. The defendant is not a competent witness for himself to prove the time of the assignment of the notes in evidence, and the jury are bound by their oaths to reject the testimony of defendant, so far as the same applies to the time the notes were indorsed to the plaintiff; and if the defendant has failed to prove the time said notes were indorsed, other than by his own testimony, then the jury are bound, upon their oaths, to find a verdict for the plaintiff.

The court refused to give these instructions, and the plaintiff excepted. The jury returned a verdict for the plaintiff for $103. The court overruled a motion to set aside the verdict, and ordered that the judgment, previously entered by confession, be reduced to the amount of the verdict.

Thereupon the plaintiff sued out this writ of error, and alleges the court below erred:

1. In refusing plaintiff's motion for leave to submit to a non-suit.

2. In refusing his motion to vacate the judgment.

3. In refusing instructions as prayed by plaintiff.

4. In refusing to grant a new trial.

5. In rendering judgment as given.

Messrs. GOOKINS, THOMAS & ROBERTS for the plaintiff in error:

1. The right of a plaintiff to take a nonsuit at any time before the jury retire from the bar, is clear. Rev. Stat. 1845, § 29; *Berry* v. *Savage,* 2 Scam. 262.

The reason of the rule was peculiarly applicable to this case. The plaintiff was surprised at the ruling of the court in admitting the defendant to testify as to the time the notes were indorsed to plaintiff, and his knowledge of the usurious consideration. He was not prepared with countervailing testimony on those points. The law presumed the notes to have been indorsed before maturity, and without notice of the usury. The testimony of defendant tended to rebut this presumption. The court had as full power, before the finding of the jury as after, either to reduce the judgment to the amount found due, or to wholly vacate it and set it aside with costs, if nothing were found due, and should have granted plaintiff's motion. It was not merely discretionary with the court to allow or refuse it, but the *right* of the plaintiff to insist upon such disposition of the cause, and the defendant could not be damnified by granting the motion. *Lake* v. *Cook,* 15 Ill. 355; *Fleming* v. *Jencks,* 22 id. 475.

2. The defendant was not a competent witness to testify either to the fact that the notes were assigned to the plaintiff after maturity, or that the plaintiff took the notes with full knowledge of the usurious consideration.

The statute says it shall be lawful for the debtor to become a witness whenever "the fact of usury shall be put in issue." Rev. Stat. 1845, p. 295, § 7.

It will be observed that it is upon the single issue, the "*fact of usury,*" that the "testimony of the debtor is to be received as evidence."

In an action between the payee and maker of a note, "the fact of usury" once established by the testimony of the debtor, the defense is complete, but if the action be by the indorsee of the note, "the fact of usury" may be established by the testimony of the debtor, and the plaintiff yet recover. The defendant must establish, by competent testimony, the other facts, the assignment after maturity, or the knowledge of the usurious consideration by the plaintiff. Clearly the statute never intended that the debtor should be let in to testify to any other material facts which are necessary to a complete defense, and the court

erred in the case at bar in permitting the defendant in error to testify to those material facts, without establishing which he could not make good the plea of usury.

For these reasons we think the judgment should be reversed and cause remanded, with leave to plaintiff to take a non-suit, and vacate his said judgment.

Mr. Thomas P. Bonfield for the defendant in error:

The plaintiff urges two points why the judgment should be reversed, and he should have a nonsuit.

1st. That the plaintiff had a right to a nonsuit, and as a consequence had a right to vacate his judgment.

2d. That the defendant was not a competent witness to testify that the notes were assigned to the plaintiff after maturity, or that the plaintiff had a full knowledge of the usurious condition.

I. We think that neither of these points is tenable, and as to the first point:

This is not a case contemplated by the statute where the plaintiff is entitled to a nonsuit; his claim was in judgment which precluded a nonsuit, and a nonsuit could not be granted without first vacating the judgment, and that brings up the question whether he was entitled to have his judgment vacated. The plaintiff took a judgment by confession by virtue of a warrant of attorney. He had the election either to sue upon the notes, when he would be entitled to the benefits of a right of nonsuit upon trial, or enter up his judgment by confession, whereby the defendant would be fettered in his defense, and compelled to contest, not a claim presented against him which the plaintiff might be unable to make good, but a claim passed upon, adjudicated and in judgment, which the defendant must reduce. The plaintiff elected to enter up a judgment by confession, which as in this case, prevents the defendant from pleading any defense but such as went to the merits; preventing him from pleading the plaintiff's disability to sue; want of jurisdiction over the defendant, and other matters of abatement, as well as set-off. Such advantages should have their

28 — 34TH ILL.

disadvantages, and while the defendant is narrowed down to his defense on the merits, why should not the plaintiff be barred from his right of non suit by'the judgment he has interposed between him and the defendants. At one time in the history of the case, the defendant wished to have the judgment vacated ; if the plaintiff had not opposed it, the judgment would have been vacated, which would have allowed the plaintiff to have taken his non suit ; but by his opposition the judgment was left in full force, which, while fettering the defendant in his defense, fettered the plaintiff in taking a non suit. These reasons we apprehend, show that the plaintiff equitably had no right to have his judgment vacated.

The vacation of a judgment is a matter of discretion with the court. 1 Scam., 131; id, 524; id, 539; id, 143, and others.

In this case the court exercised a sound discretion in refusing to vacate the judgment upon the plaintiff's motion. He had resisted the defendant's application, and it was apparent to the court, that the plaintiff upon the vacation of the judgment and dismissal of the suit, designed to harass the defendant by proceeding under the trust deed given to secure the notes, and as he had a fair trial; every opportunity to introduce testimony ; there was no reason why the court in its discretion, should vacate the judgment. The plaintiff should not have the right as a matter of course of vacating the judgment. If it could be vacated by him excepting upon error, it should only be when he makes a proper case showing the equity of it.

As to the second point made by the plaintiff; the evidence of the defendant showing not only the usury in the notes, but that the same were held by the Taylors long after maturity ; and that the plaintiff had a knowledge of the usurious consideration, was admitted to the jury without any objection from the plaintiff. If he wished to avail himself of the incompetency of the evidence he should have objected when the same was offered, and if'overruled, excepted.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Among the errors assigned on this record which we deem material to notice are the following: In refusing plaintiff's motion for leave to submit to a nonsuit; in refusing his motion to vacate the judgment, and in refusing certain instructions asked for by the plaintiff.

The record shows a regular trial, pending before a jury, on issues made up by the parties. After the evidence was closed, and before the cause was submitted, the plaintiff asked leave to take a nonsuit, which the court denied, and exception taken.

By our practice act it is provided that every person desirous of suffering a nonsuit on trial, shall be barred therefrom, unless he do so before the jury retire from the bar. Scates' Comp. 261, § 29. By implication, most clearly, a plaintiff has a right to suffer a nonsuit on trial, if he makes his motion in time.

A judgment had previously been confessed on the cause of action then on trial, and the pleas put in by the favor of the court on the petition of the defendant, without, however, vacating the judgment for which the defendant had also petitioned. This judgment was held for the benefit of the plaintiff, as his security, as is the usual practice. The plaintiff, when he entered the motion for leave to take a nonsuit, also entered his motion to vacate this judgment, which the court also denied. The judgment being for the plaintiff's benefit, we see no reason why the court should not have vacated it, on his motion, and by allowing the nonsuit, remit the parties to their original positions. The motion to take a nonsuit being in time, should have been allowed, notwithstanding the judgment. This nonsuit would have operated to vacate the judgment, as that rested on the recovery on the issues made up.

We think the court erred in denying the motion.

We see no error in refusing the instructions asked by the plaintiff, for the reason, he made no objection, on the trial, to the testimony of the defendant. He permitted him to become a witness, generally, to prove other facts than the "fact of usury," and cannot now object, or put his objection in the form of instructions. For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*