# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

FRED. ALTHEN *vs.* EVE TARBOX, J. B. TARBOX, PETER OLSON, and JULIUS JACOBSON.

Argued Oct. 22, 1891. Decided Jan. 6, 1892.

**Dismissal of Action.**—In an action brought to establish and enforce a mechanic's lien, the defendants asserted the invalidity of the alleged lien in their answer, demanded that it be declared void, and be canceled. *Held,* that the right of the court below to dismiss the action upon trial, on plaintiff's application, was within its discretion, an abuse of which was not shown by the record herein.

Appeal by defendants Eve Tarbox and J. B. Tarbox from an order of the district court of Ramsey county, *Cornish,* J., made January 20, 1891, refusing a new trial.

Defendant Eve Tarbox was the wife of J. B. Tarbox, and owned an undivided one-third interest in a lot in Florence addition to St. Paul. On April 2, 1890, she made a contract in writing under seal with Peter Olson, whereby she agreed to sell and convey the lot to him, and he agreed to build a house on it. Her husband did not join in or execute the contract. Olson took possession, and employed plaintiff to dig the cellar and build the foundation walls, and agreed to pay him therefor $235. Althen did the work, and, to secure his pay, he, on July 26, 1890, filed a statement for a lien on the lot.

Olson abandoned his purchase, and plaintiff commenced this action

v.48m.—1

in October, 1890, to foreclose his lien. He set forth, in substance, the contract between Eve Tarbox and Olson, treating it as valid. She and her husband answered, claiming the contract to be invalid because the husband had not joined in or consented to it, and they prayed that the record of the lien statement be adjudged a cloud on her title, and that it be removed.

The issues came on for trial, January 7, 1891, before the court without a jury. After plaintiff had introduced a part of his evidence, he asked leave to dismiss the action. The court granted his motion, and ordered the action dismissed. No formal judgment of dismissal was entered. The two defendants Tarbox excepted on the trial to the ruling and order, and, having made and filed a settled case containing this exception, they moved for a new trial. This motion was denied January 20, 1891, and they appealed from the order.

The plaintiff commenced a new action, in which he afterwards had judgment. An appeal therein is reported *post*, p. 18.

*Warner, Richardson & Lawrence*, for appellants.

The answer contains matter constituting a counterclaim as well as a defense. *Wilson* v. *Fairchild*, 45 Minn. 203, 206. The dismissal after the trial had commenced was an abuse of discretion. To remove the cloud upon her title, defendant Eve Tarbox will be compelled to institute a new action. The third subdivision of 1878 G. S. ch. 66, § 262, cannot apply when a counterclaim has been interposed.

*Louis M. Hastings*, for respondent.

The answer sets forth facts constituting a defense, but not a counterclaim. *Koerper* v. *St. Paul & N. P. Ry. Co.*, 40 Minn. 132, 134. The dismissal was made under the third subdivision of 1878 G. S. ch. 66, § 262, and the question of counterclaim does not arise. The dismissal was within the legal discretion of the trial court, to enable plaintiff to bring a better action.

PER CURIAM, (the CHIEF JUSTICE taking no part.) Plaintiff herein sought to establish and enforce a mechanic's lien. By their answer defendants asserted the invalidity of the alleged lien, demanded that it be declared void, and that the same be canceled. On the trial the court dismissed the action upon plaintiff's application. Treating

the order of dismissal as effectual, defendants moved for a new trial, and from an order denying the motion they appeal. The right to dismiss upon the trial was clearly within the discretion of the court, and the record fails to show that there was any abuse of this discretion.

Order affirmed.

(Opinion published 50 N. W. Rep. 828.)