Argued September 19, decided October 10, 1911.

## HUTCHINGS v. ROYAL BAKERY.

[118 Pac. 185.]

DISMISSAL AND NONSUIT—VOLUNTARY NONSUIT—RIGHT OF PLAINTIFF
—VERDICT.

1. At common law, plaintiff could, as a matter of right, take a nonsuit at any time during the process of the trial, and this right continued until after the verdict.

DISMISSAL AND NONSUIT—VOLUNTARY NONSUIT—RIGHT OF PLAINTIFF.

2. The right of plaintiff to a nonsuit under Section 182, L. O. L., providing that judgment of nonsuit may be given on motion of plaintiff at any time before trial, unless a counterclaim has been pleaded, etc., is absolute; but, where the statutory time for taking a nonsuit has expired by the commencement of the trial, the granting or refusal of a nonsuit is in the discretion of the trial court.

DISMISSAL AND NONSUIT—APPEAL AND ERROR—VOLUNTARY NONSUIT
—DISCRETION OF COURT.

3. Where the court in its discretion, conferred by Section 101, L. O. L., granted leave to defendant to answer after the overruling of his demurrer to the complaint, and the trial proceeded, the court in its discretion could, during examination of plaintiff's witnesses, grant a nonsuit on plaintiff's motion, and in the absence of an abuse of discretion, its decision will not be disturbed on appeal; plaintiff in seeking a nonsuit practically abandoning his case.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by George Hutchings against the Royal Bakery & Confectionery Co., for damages for personal injuries. From an order granting plaintiff a voluntary nonsuit, defendant appeals. The defendant filed a demurrer to the complaint, and upon the same being overruled issues were joined, and the cause came on for trial before a jury. Three witnesses were sworn and testified on behalf of plaintiff. To the question as to whether or not plaintiff's injuries were permanent, propounded to Dr. A. W. Moore, one of the witnesses, defendant's counsel objected, for the reason that the complaint did not allege permanency of plaintiff's injuries. Upon a ruling thereon adverse to the plaintiff,

he moved the court for an order granting him a voluntary nonsuit, which was allowed, over defendant's objection, upon the ground that the law did not authorize the same.                                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur & Spencer, Mr. Arthur M. Dibble,* and *Mr. Wilfred E. Farrell,* with an oral argument by *Mr. Thomas Mannix.*

For respondent there was a brief over the names of *Mr. Alfred R. Mendenhall, Mr. T. J. Hewitt, Mr. George A. Johnson* and *Mr. Charles Stout,* with an oral argument by *Mr. Hewitt.*

MR. JUSTICE BEAN delivered the opinion of the court.

MR. JUSTICE McBRIDE dissenting.

The defendant contends first, that the plaintiff was not entitled to a voluntary nonsuit after a trial upon the demurrer, unless he filed an amended complaint; second, that he was not entitled to the same after the commencement or during the trial of the cause. Section 182, L. O. L., provides that a judgment of nonsuit may be given against the plaintiff (1) on motion of plaintiff, at any time before trial, unless a counterclaim has been pleaded as a defense; (2) on motion of either party upon the written consent of the other; (3) on motion of the defendant, when the action is called for trial, and the plaintiff fails to appear, or when, after the trial has begun, and before the final submission of the cause, the plaintiff abandons it, or when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury.

1. At common law the plaintiff could as a matter of right, take a nonsuit at any time during the progress of the trial and this right continued until after the verdict. *Currie* v. *Southern Pac. Co.,* 23 Or. 400 (31 Pac. 963),

wherein Mr. Chief Justice LORD quotes Justice BLACK as saying: "There is no case which decides that the plaintiff may not become nonsuited on his own motion, or that he may not, if he pleases, discontinue or withdraw his action"—citing *Blair* v. *McLean*, 25 Pa. 77. "Under the earlier English decisions, plaintiff might become nonsuit even after verdict, if dissatisfied with the damages awarded by the jury. But the rule was changed by 2 Hen. IV, c. 7, providing that 'after verdict a plaintiff shall not be nonsuit.'" 14 Cyc. 400.

2. Statutes differ, and the practice varies in the different states. In many of the states the statutes provide that plaintiff, if he desires to suffer a nonsuit, must do so "before the cause is finally submitted to the court or jury," or "before the jury retire," or "before the final submission of the cause." This right being one given by statute is belived to be absolute, and one which the court has no right to deny. Both of these classes of statutes are very generally construed to mean that the plaintiff is not entitled as of right to take a nonsuit after the cause has been submitted to the jury or the court. It is held, however, that after the legal right on the part of plaintiff has ended, the court may, in its discretion, permit plaintiff to recall such submission and dismiss without prejudice; and in such case the action of the court, unless it has abused its discretion, is no ground of error. 14 Cyc. 402, 403.

In commenting upon the matter of a nonsuit, in *Re Petition of Butler*, 101 N. Y. 307, at page 309 (4 N. E. 518), Mr. Justice FINCH says: "Ordinarily a suitor has a right to discontinue any action or proceeding commenced by him and his reason for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by per-

mitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist"—citing *In re Anthony Street,* 20 Wend. (N. Y.) 618 (32 Am. Dec. 608) ; *Carleton* v. *Darcy,* 75 N. Y. 375, 377.

As a general rule, the granting or refusal of leave to take a nonsuit is considered a matter of practice resting in the discretion of the court, which discretion is to be exercised with reference to the rights of both parties. After the proper time has passed for taking a nonsuit, it is necessary in all cases for plaintiff to obtain leave of the court. See 14 Cyc. 396, 397; *Adderton* v. *Collier,* 32 Mo. 507; *Schafer* v. *Weaver,* 20 Kan. 294; *Washburn* v. *Allen,* 77 Me. 344. It is held in some jurisdictions that an interlocutory judgment does not deprive plaintiff of the right to dismiss. 14 Cyc. 400, citing *Piedmont Mfg. Co.,* v. *Buxton,* 105 N. C. 74 (11 S. E. 264) ; *Lacroix* v. *Macquart,* 1 Miles (Pa.) 156, and *Gordon* v. *Goodell,* 34 Ill. 429; the last case holding that where a judgment had been confessed, but defendant permitted to plead, the judgment being for plaintiff's benefit, the latter might take a nonsuit, notwithstanding the judgment upon a motion to that effect previously submitting the cause.

It has also been held by this court that an error in refusing a motion for a nonsuit is not waived by offering testimony after the motion has been overruled. *Carney* v. *Duniway,* 35 Or. 131 (57 Pac. 192: 58 Pac. 105). In *Ferguson* v. *Ingle,* 38 Or. 43 (62 Pac. 760), it was held that the demurrer to the counterclaim presented an issue of law, which, when considered by the

court, was a trial, within the meaning of the statute; but, the demurrer having been sustained, no counterclaim existed, and the plaintiffs having eliminated from the record the original complaint by filing an amended pleading by leave of court were entitled, upon their motion therefor, to a voluntary nonsuit, in denying which the court erred. In *St. Louis Southwestern Ry. Co.* v. *White Sewing Machine Co.,* 69 Ark. 431 (64 S. W. 96), under a statute providing that an action may be dismissed without prejudice by the plaintiff before final submission of the cause, and that in all other cases upon the trial of the action the decision must be upon the merits, it was held that in the interest of justice the court might permit a plaintiff to withdraw a submission of his case and take a nonsuit without prejudice. Mr. Justice WOOD said: "The plaintiff under the statute may not demand as his right what is within the discretion of the court, in the interest of justice, to permit." In *Ashmead* v. *Ashmead,* 23 Kan. 262, the court says that: "After a case has been finally submitted to the jury or the court, the plaintiff has no right to dismiss the action without prejudice to a future action; but, while all legal right on the part of the plaintiff has ended, the court may in its discretion and to prevent injustice and wrong, permit the plaintiff to recall such submission, and dismiss without prejudice; and in such case the action of the court, unless it has abused its discretion, is no ground of error."

The provisions of the statutes of Arkansas and Minnesota are more like those of our own statute than any others which come to our notice. The statute of Minnesota, in addition to its provisions for a nonsuit, similar to those contained in Section 182, L. O. L., subdivisions 1, 2, and 3, provides that "all other modes of dismissing an action by nonsuit or otherwise, are abolished." See Gen. St. Minn. 1878, c. 66, § 262. In *Bettis* v. *Schrei-*

*ber,* 31 Minn. 329 (17 N. W. 863), it was held that the plaintiff in an action was not entitled to dismiss as a matter of right, under that statute, after the trial had actually commenced.    In *Althen* v. *Tarbox,* 48 Minn. 1 (50 N. W. 828), the plaintiff sought to establish and enforce a mechanic's lien; defendants asserted the invalidity of the lien, and demanded that it be declared void.    Held that "the right to dismiss upon the trial was clearly within the discretion of the court, and the record fails to show that there was any abuse of this discretion."

In the case of the *United States* v. *Humason,* (C. C.) 8 Fed. 71, relied upon by defendant's counsel, the court for very cogent reasons, upon the trial of the case before a jury, exercised its discretion, and refused a nonsuit. Judge DEADY said: "Whenever the trial has been commenced,  the right of the plaintiff to become nonsuit, and vex and harass the defendant with another action for the same cause is gone." This was an action against a surety upon an Indian agent's bond, and the alleged default and death of the principal occurred nearly 14 years before the action was brought, and 16 years before trial. It was not claimed that there was error in refusing a nonsuit.    A new trial was asked on the ground of accident.

In *Lando* v. *Chicago, St. P. M. & O. Ry. Co.,* 81 Minn. 279 (83 N. W. 1089), an action for damages for personal injuries after the submission of the testimony, counsel for plaintiff asked to take a nonsuit, which was denied. Commenting thereon, the court, speaking through Mr. Justice LOVELY, said:  "Ordinarily courts are very liberal in granting the favor asked for in this case, when counsel are mistaken or surprised in the production of testimony to their disadvantage, and we think wisely so, * *.   The right under the statute (G. S. Minn. 1894, § 5408), to have a case dismissed after the trial had

been commenced rests in the sound discretion of the trial court."

In *Hume* v. *Woodruff*, 26 Or. 373 (38 Pac. 191), it was held that the determination of an issue presented by a demurrer was a trial, within the meaning of the statute, Section 113, L. O. L., and after a demurrer to the complaint had been sustained, and the plaintiff by leave of court had filed an amended complaint, he was entitled as matter of right to a voluntary nonsuit at any time before the amended complaint was disposed of, or a trial had, on some issue tendered by it, although the amended pleading might in fact be subject to the same objection as the original. The amended complaint was filed by leave of court, in granting which the court exercised its discretion, whereby the plaintiff became entitled to take a nonsuit.

3. In the case at bar, the ruling upon the demurrer was in favor of the plaintiff, and the defendant, not electing to stand upon his demurrer, was granted leave to answer, which was an exercise of discretion by the court, Section 101, L. O. L. An answer was filed, and the cause proceeded to trial upon the issues of fact, which was a later stage of the case, when the nonsuit was asked. The plaintiff was not required to amend his complaint upon a favorable decision in regard thereto, and we think the first contention of defendant is included in the latter. The court was not clothed with any less authority in the exercise of its discretion to allow or deny plaintiff's motion for a nonsuit, than the court exercised in *Hume* v. *Woodruff*. The allowance of the nonsuit was of the same nature as the granting of a new trial to plaintiff, and was equivalent to granting plaintiff the right to change his complaint by commencing another action, if he should so desire. After the commencement of the trial before the jury, the motion of plaintiff for a nonsuit was too late for the

plaintiff to obtain leave therefor as an absolute right. *Alley* v. *Nott,* 111 U. S. 472 (4 Sup. Ct. 495: 28 L. Ed. 491) ; *Northern Pacific Ry. Co.* v. *Spencer,* 56 Or. 250 (108 Pac. 180). The question is whether or not, after the time at which plaintiff may take a nonsuit as a matter of right has expired, the court has power in its discretion to allow the same. The plaintiff in seeking a nonsuit practically abandoned his case. 5 Words and Phrases, 4826. There was no counter motion on the part of defendant for a directed verdict, or any other dispositions of the case, and we fail to see how the trial court, in the interest of justice, could well do anything else, other than allow plaintiff's motion and dispose of the case.

The granting or refusal of the nonsuit in this case was a matter resting in the sound discretion of the trial court, and, in the absence of any showing of an abuse of such discretion, the judgment should not be disturbed. *Lando* v. *Chicago St. P. M. & O. Ry. Co.,* 81 Minn. 279 (83 N. W. 1089) ; *Day* v. *Mountin,* 89 Minn. 297 (94 N. W. 887) ; *St. Louis Southwestern R. Co.* v. *White S. M. Co.,* 69 Ark. 431 (64 S. W. 96). This, we think, is in accordance with the spirit of the former decision of this court above referred to.

It follows that the judgment of the lower court should be affirmed and it is so ordered.     AFFIRMED.

MR. JUSTICE MCBRIDE delivered the following dissenting opinion.

The majority opinion collates and discusses with much ability and industry the common-law decisions and those of various state courts upon the right of a plaintiff to take a voluntary nonsuit, but in my opinion the statutes of this state are conclusive against the contention of plaintiff. Section 182, L. O. L., provides, among other matters, that a voluntary nonsuit may be taken

"on motion of plaintiff at any time before trial, unless a counterclaim has been pleaded as a defense." I think the natural meaning of the phrase "at any time before trial" means at any time before the commencement of the trial, and this construction has been placed upon a similar statute by the courts of Minnesota, as shown by the cases cited in the majority opinion. I think that Section 182, cited in the majority opinion, was intended to cover every instance in which a nonsuit should be pemitted, and that it leaves no room for the exercise of judicial discretion. A party ought not to be permitted to fish in the courts for a favorable opinion, and when he finds that his chances for success are not so good as he at first expected, be allowed to dismiss in the midst of a trial.