Argued March 18, affirmed April 15, 1924.

# VERMONT LOAN AND TRUST CO. AND RUTLAND SAVINGS BANK *v.* WALTER E. BRAMEL.

(224 Pac. 1085.)

**Appeal and Error—Pleading—Action on Motion to Amend Pleading Discretionary, and not Disturbed Except for Abuse of Discretion.**

1. The granting or denial of a motion for leave to amend the pleading being a matter within the sound discretion of the trial court, its action will not be disturbed except in case of a manifest abuse of such discretion, in view of Section 102, Or. L.

**Pleading—Denial of Motion to File Amended Cross-complaint Held not Abuse of Discretion.**

2. In a suit to foreclose a mortgage, denial of defendant's motion to file an amended cross-complaint *held* not abuse of discretion, where defendant had twice amended his answer, and in view of Section 390, Or. L., as amended by Laws of 1917, page 126, under which he could have set up the same matter in his answer.

**Dismissal and Nonsuit—Matters Held not to Constitute "Counterclaim" so as to Prevent Voluntary Nonsuit.**

3. In a suit to foreclose a mortgage, a plea of usury *held* merely a defense and not a "counterclaim," in view of Sections 401, 7990, Or. L., so that a decree granting plaintiffs' motion for voluntary nonsuit, made before the trial, was authorized by Section 182, permitting such procedure, unless a counterclaim has been pleaded as a defense.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

The Vermont Loan and Trust Company instituted this suit against Walter E. Bramel to foreclose a second real estate mortgage, securing the payment of five notes of $43 each with interest at 10 per cent per annum after maturity. In his answer Bramel alleges that on the date of executing the mortgage for $215 he executed another mortgage with said company for the sum of $4,300, covering the same real estate, all of which notes and mortgages were executed at Eugene, Oregon. He states that the two mortgages constituted one transaction; that the five notes were intended as part of the interest to accrue in the future; and that the rate of interest claimed at the time the suit was instituted exceeded 10 per cent per annum; and that the mortgagee intended the same to be usurious. In his answer he prays that the same be decreed to be usurious and the principal sum be forfeited to the school fund.

After this suit was commenced at the instance of the defendant the then holder of the first mortgage, Rutland Savings Bank, was made a party to the suit. It appears that after this suit was begun the plaintiff Vermont Loan and Trust Company purchased the first mortgage from the Rutland Savings Bank, and foreclosed the same in the United States District Court for the District of Oregon. These facts were set up by the plaintiff, Vermont Loan and Trust Company, in its amended and supplemental reply to the second amended answer of the defendant.

At this stage of the proceedings the plaintiff moved for a nonsuit, and on the same day the defendant moved to file "an amended cross-complaint in the within entitled suit, and by making the above-named plaintiff a defendant by substituting Vermont Loan

and Trust Company, a corporation, a party defendant herein, and to defendant's cross-complaint and counterclaim as filed herein.''

The court denied defendant's motion to amend and granted plaintiffs' motion to dismiss. Defendant appealed.    Affirmed.

For appellant there was a brief and oral argument by *Mr. H. E. Slattery.*

For respondents there was a brief over the names of *Messrs. Hewitt & Sox* and *Messrs. Williams & Bean,* with an oral argument by *Mr. H. H. Hewitt.*

BEAN, J.—1, 2. The defendant first assigns as error that the court erred in denying defendant's motion to file a cross-complaint. Under Section 390, Or. L., as amended in 1917, it is unnecessary for defendant to file a cross-complaint in an action at law, but where such defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may set such matter up by answer without the necessity of filing a complaint on the equity side of the court. This was probably one of the reasons why the court denied the defendant right to file a cross-complaint. The defendant had already twice amended his answer. The proposed cross-complaint was not tendered and it is not clear from defendant's motion the purpose of the desired third amendment.

The granting or denial of a motion for leave to amend a pleading is a matter within the sound discretion of the trial court. Its action will not be disturbed except in case of manifest abuse of such discretion: Or. L. 102; *Beard* v. *Royal Neighbors,* 60 Or. 41, 47 (118 Pac. 171). It does not appear from the

record that the trial court abused its discretion in the matter of denying the motion to amend.

3. The defendant next assigns that the court erred in sustaining plaintiffs' motion for a voluntary nonsuit. Section 182, Or. L., provides that a judgment of nonsuit may be given on motion of the plaintiff, at any time before trial, "unless a counterclaim has been pleaded as a defense." When the motion for nonsuit was interposed there had been no trial of the cause. Defendant contends that he set up a counterclaim in his answer. The plaintiffs assert that the answer contains merely a defense.

If there is no counterclaim, within the meaning of the statute, pleaded in defendant's answer, then the plaintiff, Vermont Loan and Trust Company, was entitled to a voluntary nonsuit, otherwise it was not. This is the main question for determination. Under Section 401, Or. L., a counterclaim in equity is one upon which a suit might be maintained by the defendant against the plaintiff in the suit: *Gabel* v. *Armstrong,* 88 Or. 84 (171 Pac. 190) ; *Templeton* v. *Cook,* 69 Or. 313, 317 (138 Pac. 230) ; *First Nat. Bank* v. *Seaweard,* 78 Or. 567, 580 (152 Pac. 883) ; *Le Clare* v. *Thibault,* 41 Or. 601, 608 (69 Pac. 552).

Under our Code, Section 7990, the plea of usury neither discharges the debt nor releases the land from the lien of the mortgage, but where usury is found the court renders judgment in favor of the State of Oregon against the defendant for the amount of the debt, and against the plaintiff for costs of the suit: *Brayton & Lawbaugh* v. *Monarch Lbr. Co.,* 87 Or. 365, 380 (169 Pac. 528, 170 Pac. 717).

It is not conceived how a suit could be maintained by defendant against the Company upon such a state of facts. According to the allegations of the defend-

ants' answer this suit was instituted to foreclose a mortgage given to secure the usurious interest, amounting to $215. Therefore the plea of defendant would constitute a defense to the suit and not affirmative relief. The prayer of defendant's answer that the notes and mortgage be declared null and void, would have no other effect than to defeat the suit.

In Pomeroy's Code Remedies (4 ed.), Section 27, we read:

"In its judicial signification, a defense is something which simply prevents or defeats the recovery of a remedy in an action or suit, and not something by means of which the party who interposes it can obtain relief for himself. * * 'Defense' is essentially negative, and not affirmative."

In *Maffett* v. *Thompson,* 32 Or. 546, at page 551 (52 Pac. 565, 53 Pac. 854), it is said:

"In so far as it was designed to afford affirmative relief, the counterclaim here provided for takes the place of the cross-bill under the chancery practice, as it formerly prevailed. * * Under that practice which still obtains in many jurisdictions, if the cross-bill sets up matters purely defensive, and prays for no affirmative relief, a dismissal of the original bill necessarily disposes of the cross-bill also."

In *Haaland* v. *Miller,* 67 Or. 346 (136 Pac. 9), after an extended discussion of the question, Mr. Justice RAMSEY, at page 350, records the following language:

"A counterclaim is not a 'defense' within the meaning of § 390, L. O. L. (citing authorities). In *Fettretch* v. *McKay,* 47 N. Y. 427, the court says: 'Nor can this counterclaim be stricken out as an irrelevant defense. It is not a defense. There is a distinction between a counterclaim and a defense.' In *Baum's Castorine Co.* v. *Thomas,* 92 Hun, 1 (37 N. Y. Supp. 913), the court says: 'But a counterclaim is not a defense, as the word is used in relation to pleadings. In § 500

it is provided that an answer may contain a statement of new matter constituting a 'defense or counterclaim' thus making a clear distinction between the two. The same distinction is found in § 507, and the very definition of 'counterclaim,' as given in § 501, shows that it is not included within the term 'defense.' ''

''We conclude that the facts that can be pleaded under § 390, L. O. L., in a complaint in the nature of a cross-bill are facts constituting a defense or a partial defense, and not a counterclaim.''

See *Dove* v. *Hayden,* 5 Or. 501; *State* v. *Pacific Livestock Co.,* 93 Or. 196 (182 Pac. 828).

If a counterclaim is not a defense it necessarily follows that the converse is true, and a pure defense is not a counterclaim within the meaning of Section 401, Or. L. The plea is usually denominated a defense. In *Poppleton* v. *Nelson,* 12 Or. 349, at page 350, Mr. Justice LORD said:

''As the defense of usury involves a forfeiture, it is considered as an unconscionable defense, and a strict one.''

See, also, *Nunn* v. *Bird,* 36 Or. 515, 521 (59 Or. 808).

There being no counterclaim pleaded as a defense by defendant in the present case the plaintiffs had an absolute right to a voluntary nonsuit or to a decree dismissing the suit: *Chance* v. *Carter,* 81 Or. 229 (158 Pac. 947); *Hutchings* v. *Royal Bakery,* 60 Or. 48 (118 Pac. 185).

There being no error in the record, the decree of the trial court is affirmed.                    AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.