Argued February 19; reversed April 15, 1947

# BOBILLOT *v.* CLACKAMAS COUNTY
## (179 P. (2d) 545)

*Larry Landgraver,* of Portland (with Leo Levenson, of Portland, on brief), for appellant.

*Leonard I. Lindas,* Deputy District Attorney for Clackamas County, of Oregon City (with Stanley J. Mitchell, District Attorney for Clackamas County, of Oregon City, on brief), for respondent.

Before Rossman, Chief Justice, and Lusk, Belt, Bailey, Hay and Winslow, Justices.

BAILEY, J. This action was brought by Marcel Bobillot against Clackamas county to recover damages for injuries suffered by him when the county highway bridge across Clear creek in Clackamas county collapsed, causing the truck in which he was a passenger to be overturned and precipitated into Clear creek.

The complaint charges the defendant with the following acts of negligence:

"That the defendant at this time was careless, reckless and negligent in the maintenance and operation of the said bridge in that they allowed the said bridge and county road to remain in an unsafe condition and in a condition unfit for safe vehicular traffic and travel across the bridge in that the timbers, uprights and supports of the bridge were rotten, defective, weakened and were wholly unsafe to support the weight of the vehicles traveling over the same and defendant well knew, or in the exercise of reasonable care should have known, of such dangerous condition and defendant failed to repair said bridge or to erect supports or to replace the rotted timber so as to make the bridge safe for vehicular traffic * * *."

At the conclusion of the introduction of evidence, defendant moved for a directed verdict on the ground that plaintiff had failed to allege and prove: (1) That he was lawfully on the bridge; (2) that he was not guilty of contributory negligence; and (3) that he was without knowledge of the defective or dangerous character of the bridge.

After the motion had been discussed at some length by counsel for the respective parties, the court stated:

"Our Supreme Court, in this case of Leesi v. Yamhill County [136 Or. 295, 298 P. 911.] * * * held that it was necessary to plead and to prove five distinct elements in a case of this kind. We

are interested here with only two of them, as three of them are pleaded and two are not.

"The complaint does not plead that the plaintiff was without knowledge of the defect or danger, nor does he plead that he was free from contributory negligence. * * * therefore, the complaint being defective in those two particulars, and the testimony being defective, especially with respect to the fact that he did not have knowledge of the defects of the bridge, this Court is without any alternative in the matter except to grant the motion."

Then, according to the record, there was "further argument and discussion between the court and counsel" and the following:

"The Court: Well, the Supreme Court so held in this case and the 143 case [Gerber v. Multnomah County, 143 Or. 452, 22 P. (2d) 1103]. Of course, I am frank to tell you that if you wanted to move for a nonsuit so as to protect yourself and start over again, the Court would be inclined to grant you that privilege.

"Mr. Landgraver: All right, I will.

"Mr. Leonard Lindas: I think we have gone too far, if the Court please. We have put in a defense. He could ask for an involuntary nonsuit after his case is in, but after our case is in I don't see that he has a right to ask for an involuntary nonsuit.

"The Court: I will grant a nonsuit, but not a directed verdict."

On motion of plaintiff a judgment of voluntary nonsuit was thereupon entered. Thereafter and on or about October 22, 1946, the court, on motion of defendant, made and entered findings of fact, conclusions of law and judgment in defendant's favor. From this judgment plaintiff has appealed.

The circuit judge, at the time of signing the judgment in favor of defendant, rendered the following written opinion:

"The right to grant a judgment of nonsuit is governed by section 6-201, O. C. L. A., as amended by Chapter 313, Oregon Laws 1941.

"The Court had no authority to grant a nonsuit to the plaintiff after the taking of the testimony had been concluded and the defendant had moved for a directed verdict.

"The case made by the plaintiff being insufficient to submit to the jury and the defendant being entitled to a directed verdict it was the duty of the Court to grant the motion.

"This is the law as stated by our Supreme Court in the case of Treadgold vs. Willard, 81 Oregon 658-669, the Court states: 'When a cause is finally submitted, if it appears from the evidence received that one of the parties is entitled, as a matter of law, to a particular finding of fact, it is incumbent upon the Court when so requested to direct a verdict to that effect.'

"Under the provisions of Chapter 149, Oregon Laws 1945, it is the duty of the Court to correct the error which it made in granting judgment of nonsuit and at this time to enter findings and a directed verdict.

"The Court has therefore signed and filed the findings and order for a directed verdict which were submitted by the defendant."

The principal question presented on this appeal is whether the circuit court had authority to grant a judgment of nonsuit under the circumstances existing at the time plaintiff's motion therefor was made. Plaintiff argues that the court had such authority and in support of his contention relies on § 6-201, O. C. L. A.,

as amended by chapter 313, Oregon Laws 1941, which in so far as material here reads as follows:

"A judgment of nonsuit may be given against the plaintiff, as provided in this chapter:

"1. On motion of the plaintiff, at any time before the issues have been joined and the trial of the facts has commenced unless a counterclaim has been pleaded as a defense; but if the issues have been joined and the trial of the facts has commenced the allowance of the motion shall be subject to the sound discretion of the court; * * *"

Subdivision 1 of § 6-201, prior to the above amendment, read as follows:

"On motion of the plaintiff, at any time before trial, unless a counter-claim has been pleaded as a defense".

Under the common law, prior to the Statute of 2 Henry IV, chapter 8, a plaintiff was entitled to a voluntary nonsuit even after verdict. After the enactment of that statute, a plaintiff could become nonsuited as of right at any time before verdict, and he could, in the discretion of the court, be nonsuited after the finding of a special verdict, and before judgment. 17 Am. Jur., Dismissal and Discontinuance, § 14, p. 64; Annotations, 89 A. L. R. 17; *Hutchings v. Royal Bakery*, 60 Or. 48, 118 P. 185.

■ Most jurisdiction in this country have statutes governing the granting of voluntary nonsuits and dismissals. These statutes generally limit or modify but do not abolish the common-law doctrine and, since they are in derogation of the common law, must be strictly construed. Ordinarily they will not be extended to include cases not within their express terms. 27 C. J. S., Dismissal and Nonsuit, § 8, p. 161; 17 Am. Jur., § 23, p. 70; *State v. Lupton*, 163 Md. 180, 189, 161 A. 393.

The wording of these statutes varies. If plaintiff desires to take a nonsuit as a matter of right, he must do so, depending on the jurisdiction, "before trial", "before final argument to the jury or court upon the facts", "before the final submission of the case", or "before the jury retires", etc. Annotations, 126 A. L. R. 292, et seq., 89 A. L. R. 50, et seq.; *Hutchings v. Royal Bakery,* supra. Under the Oregon law plaintiff is entitled to take a voluntary nonsuit as a matter of right "before the issues have been joined and the trial of the facts has commenced" if no counterclaim has been pleaded, but after trial of the facts has commenced, the allowance of a voluntary nonsuit is subject to the sound discretion of the court.

We have been unable to find any statute containing provisions similar to those added to § 6-201, *supra,* by the 1941 amendment. The statutes in most of the states provide under what conditions the plaintiff is entitled to a voluntary nonsuit as a matter of right, without reference to the discretionary power of the court. In many of those states the courts have held that they have the discretionary power to allow voluntary nonsuits in instances where the plaintiff would not be entitled thereto as a matter of right. *Hutchings v. Royal Bakery,* supra; 27 C. J. S. § 19, p. 173.

In *Chicago, Rock· Island, & Pacific Railway Company v. Annie Reynolds, Administratrix,* 157 Okla. 268, 12 P. (2d) 208, 89 A. L. R. 5, the real controversy involved was "whether or not, after the demurrers to the evidence were interposed on behalf of the defendants, and the same were presented to the court for determination, and the court had indicated that said demurrers would be sustained, plaintiff was entitled as a matter of right to dismiss her action without prej-

udice.'' The statute in that state relating to dismissals of causes of action is as follows:

> ''An action may be dismissed, without prejudice to a future action:
>
> ''First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.''

After reviewing cases from other jurisdictions, the court stated:

> ''We conclude that, when a plaintiff submits his evidence to the court or jury and elects to stand upon and contests the sufficiency thereof, when challenged by the defendant either by demurrer to the evidence or by motion for a directed verdict, the case is submitted to the court for determination; and, when the court has indicated to the parties its ruling thereon after a full and complete presentation of the matter, and the court finds that said evidence is insufficient, a motion to dismiss without prejudice on behalf of the plaintiff after such indication or announcement of an adverse ruling against said plaintiff comes too late, as a matter of right, *but said plaintiff may appeal to the discretion of the court for the granting of such motion.''* (Italics added).

It was held in *Falvey v. Coats,* 47 F. (2d) 856, 89 A. L. R. 1, that ''the court was vested with discretion to allow plaintiff to withdraw his submission and dismiss his action without prejudice'' after the court had stated to the jury that ''it is very plain in this case that plaintiff has no case under his complaint; if he has any case at all it is on a separate agreement with reference to this well in the event that it pays out. You are appointed foreman of this jury. Come forward and sign a verdict at the direction of the court, for the defendant.'' The motion for a voluntary non-

suit was not made until after the foregoing statement by the court to the jury. That case arose in Arkansas and the statute relating to dismissal of an action without prejudice is identical with that hereinbefore quoted in *Chicago, Rock Island, & Pacific Railway Company v. Annie Reynolds, Administratrix,* supra.

In *Weil v. Abeel,* (Tex. App.) 206 S. W. 735, it appears that "after the plaintiff had closed his testimony \* \* \* the defendant demurred to the evidence of plaintiff, and asked the court to render judgment for the defendant, and the court stated that he considered the demurrer well taken and started to make his docket entry thereof," when counsel for plaintiff requested, and was granted, time in which to submit authorities to show that the defendant's motion should not be sustained. When the court reconvened, counsel for plaintiff moved for a voluntary nonsuit which was denied, and defendant's motion was allowed. The court, in reversing the judgment, said:

> "Article 1955 of the Revised Statutes, among other things, provides that the plaintiff shall have the right, when a case is tried before the court without a jury, to take a nonsuit any time before a decision is announced. In the present case we do not regard what was done by the court as an announcement of his decision on the question presented. It is true that he did say, as shown by the bill, that he considered the demurrer well taken; but after this he extended the time for counsel to present authorities on the question, showing clearly that he had not come to a decision thereof, \* \* \*. To merely state that he considered the demurrer well taken was not, in our judgment, equivalent to sustaining it, and what was said by the court was, under the circumstances, more in the nature of an expression of his views upon the question under discussion."

After quoting at some length from the opinion in an earlier Texas case in which it was pointed out that there "is a wide and well-recognized difference between the 'opinion' and the 'decision' of the court", it is said:

"So, in the present case we regard what was said by the court more in the nature of an expression of its opinion as to what he intended to do, rather than what he had done. * * * The right to take a nonsuit is liberally construed by the courts, and in cases above referred to it has been held that counsel had the right to discuss the matter with the court, and if the court suggests, or indicates, that he is going to decide against plaintiff, the plaintiff has the right to dismiss. The fact that the court makes such intimation is often the reason why a nonsuit is taken. * * * * *"

The following statement is found in 17 Am. Jur., § 28, p. 73: "Generally, the plaintiff may dismiss his case without prejudice, under a statute providing for dismissal before final submission, while the court is considering a demurrer to the plaintiff's evidence and is giving reasons why it must be sustained, but before announcement is made that it is sustained." To the same effect see *Ohio Valley Electric Co. v. Lowe,* 167 Ky. 132, 180 S. W. 61; *Hall, Administrator, v. Chess & Wymond Co.,* 131 Ark. 36, 198 S. W. 523; *Morrisey v. Chicago & N. W. Ry. Co.,* 80 Iowa 314, 45 N. W. 545; *Rush v. Barnhill,* 218, 425, 255 N. W. 491; *Pugsley v. Chicago, R. I. & P. Ry. Co.,* 69 Kan. 599, 77 P. 579; *Owens v. Washington Fid. Nat. Ins. Co.,* (Mo.) 85 S. W. (2d) 193.

In *Hutchings v. Royal Bakery,* supra, three witnesses had been called and testified on behalf of plaintiff. To the question propounded to an expert witness as to whether plaintiff's injuries were permanent, de-

fendant's attorney objected on the ground that the complaint did not allege the permanency of the injuries. Upon a ruling thereon adverse to plaintiff, he asked for and was granted, over defendant's objection, a judgment of voluntary nonsuit. In affirming the judgment this court held that the "granting or refusal of the nonsuit in this case was a matter resting in the sound discretion of the trial court, and, in the absence of any showing of an abuse of such discretion, the judgment should not be disturbed. [Citing cases.] This, we think, is in accordance with the spirit of the former decision of this court above referred to." There was no motion on the part of defendant for a directed verdict as in the case at bar.

The circuit court, in the instant case, vacated and set aside the judgment of nonsuit and entered a judgment in favor of defendant on the theory that it "had no authority to grant a nonsuit to the plaintiff after the taking of the testimony had been concluded and the defendant had moved for a directed verdict." In support of its action the court relied on *Treadgold v. Willard*, 81 Or. 658, 160 P. 803, and especially that portion of the opinion therein reading as follows: "When a cause is finally submitted, if it appears from the evidence received that one of the parties is entitled, as a matter of law, to a particular finding of fact, it is incumbent upon the court when so requested to direct a verdict to that effect."

It appears from the facts in the Treadgold case that plaintiff was entitled, as a matter of law, to a directed verdict which he requested at the proper time but which was denied by the court. No question was there involved as to the authority of the court to grant a motion for judgment of nonsuit after a motion for a directed verdict had been made. The construction

placed by the trial court in the instant case on the language hereinbefore quoted from the Treadgold case is too literal and fails to give any consideration to the factual situation there involved. Under such a construction the trial court would be powerless to permit a plaintiff to open up his case and offer additional evidence after the defendant had moved for a directed verdict, as was done in *Hilgedorf v. Bertschinger*, 132 Or. 641, 285 P. 819; *Zuccala v. Suncrest Orchards, Inc.*, 130 Or. 612, 280 P. 344, and other cases. It is not at all unusual for the court, after a motion for directed verdict, to permit either plaintiff or defendant to open up the case and amend his pleadings or offer additional evidence.

Prior to the 1941 amendment plaintiff was, as a matter of right, entitled to a judgment of nonsuit "at any time before trial, unless a counterclaim has been pleaded as a defense" and not otherwise. § 6-201, *supra*. What was meant by the phrase "at any time before trial" had been the subject of considerable disagreement. See in this connection *Hutchings v. Royal Bakery*, supra, and *State v. Pacific Live Stock Co.*, 93 Or. 196, 182 P. 828. The 1941 amendment deleted the words "before trial" and substituted therefor the following: "before the issues have been joined and the trial of the facts has commenced." Ch. 313, L. 1941. By this amendment there was added the provision that "if the issues have been joined and the trial has commenced the allowance of the motion shall be subject to the sound discretion of the court". This was a legislative recognition of, what had been taken for granted in many jurisdictions, the inherent discretionary right of a trial court to grant a plaintiff permission to take a judgment of nonsuit after he was no longer entitled thereto as a matter of right.

██ Plaintiff's motion for a judgment of voluntary nonsuit, was allowed before the final submission of the cause and was, in our opinion, timely granted. Therefore, the granting or denial of that motion was a matter resting in the sound discretion of the circuit court. It is not claimed that the court abused that discretion, but that it had no authority to enter the judgment of nonsuit. We think that the circuit court acted in the interest of justice in permitting the nonsuit.

The judgment appealed from is reversed and the cause remanded to the circuit court with instructions to set it aside and reinstate the judgment of nonsuit.