Argued October 10, reversed and remanded December 13, 1961

PFLEEGER *v.* SWANSON ET AL
367 P. 2d 406

*Ben T. Gray,* Portland, argued the cause and filed a brief for appellant.

*Wayne Hilliard,* Portland, argued the cause for respondents. With him on the brief were Koerner, Young, McColloch & Dezendorf, Portland, and George L. Wagner, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

McALLISTER, C. J.

This is an action to recover damages for personal injuries sustained by plaintiff when his automobile collided with a truck operated by defendants. During the *voire dire* examination of the jurors the plaintiff moved for a voluntary nonsuit, which motion was denied. The trial continued and resulted in a verdict for the defendants, and from the judgment entered thereon plaintiff appeals.

The sole question presented is whether plaintiff, before the selection of the jury had been completed, was entitled to a voluntary nonsuit as a matter of right.

At common law plaintiff was entitled to a voluntary nonsuit as a matter of right until a verdict had been returned. For a resume of the historical development of the common law rule see *Hutchings v. Royal Bakery,* 60 Or 48, 50, 118 P 185; *Bobillot v. Clackamas County,* 181 Or 30, 179 P2d 545; 89 ALR 13, 17. Under the statute① in effect in Oregon until 1941 the plaintiff, in the absence of a counterclaim, was entitled to a voluntary nonsuit as a matter of right "at any

---

① OCLA § 6-201. A judgment of nonsuit may be given against the plaintiff, as provided in this chapter:

(1) On motion of the plaintiff, at any time before trial, unless a counter-claim has been pleaded as a defense;

\* \* \* \* \*

time before trial." *Hutchings v. Royal Bakery,* supra, *Chance v. Carter,* 81 Or 229, 232, 158 P 947; *Vermont Loan etc. Co. et al v. Bramel,* 111 Or 50, 55, 224 P 1085.

The phraseology of the statute and the definition of a trial contained in what is now ORS 17.025[①] resulted in litigation to determine (1) whether the word "trial" as used in OCLA 6-201 meant the trial of an issue of fact or the trial of an issue of law, or both, and (2) whether the court could in its discretion grant plaintiff a voluntary nonsuit after the trial had commenced and plaintiff was no longer entitled to a nonsuit as a matter of right.

The first question was answered in *State v. Pacific Live Stock Co.,* 93 Or 196, 182 P 828, in which this court held (with two judges dissenting) that the word "trial" in the statute referred to the trial of an issue of fact. The second question was answered in *Hutchings v. Royal Bakery,* supra, which held that the court could in its discretion grant plaintiff a voluntary nonsuit even after the trial had commenced and plaintiff was no longer entitled to a nonsuit as a matter of right.

In an apparent effort to eliminate the ambiguity in the statute the legislature amended OCLA § 6-201 by chapter 313, Oregon Laws 1941. The amended statute, now ORS 18.230,[②] preserved plaintiff's absolute right to a nonsuit until "the trial of the facts has

[①] ORS 17.025. A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact.

[②] ORS 18.230. A judgment of nonsuit may be given against the plaintiff:

(1) On motion of the plaintiff, at any time before the issues have been joined and the trial of the facts has commenced, unless a counterclaim has been pleaded as a defense; but if the issues have been joined and the trial of the facts has commenced the allowance of the motion shall be subject to the discretion of the court.

commenced" and authorized the court in its discretion to allow a voluntary nonsuit after the plaintiff's right thereto had expired. The 1941 amendment thus in effect codified the holdings in *Hutchings v. Royal Bakery,* supra, and *State v. Pacific Live Stock Co.,* supra.

■ The case at bar presents the question of when "the trial of the facts" has commenced. More precisely the question is whether "the trial of the facts" includes the selection of the jury.

Defendants contend that the selection of the jury is a part of the trial and cite the following authorities which so hold: *State v. Crocket,* 90 Mo 37, 1 SW 753 (1886); *Caples v. State,* 3 Okla Cr 72, 104 P 493 (1909); *In re McIntyre,* 78 N D 10, 47 NW2d 527 (1951); *Wilhite v. Agbayani,* 2 Ill App 2d 29, 118 NE2d 440 (1954); *Kadota v. City & County of S. F.,* 166 Cal App 2d 194, 333 P2d 75 (1958); 53 Am Jur, Trial, 29 § 4. However, it does not follow that because the *voire dire* examination of the jurors is a part of the trial that such examination is also a part of the "trial of the facts."

The word "trial" is used, both in legal parlance and in statutes, to mean different things. Examples of the use of the word with different meanings in our statutes are pointed out in *State v. Pacific Live Stock Co.,* supra. "Trial" is an inclusive word and is defined in ORS 17.025 to include both the trial of issues of law and of fact. ORS 17.030 provides for the trial of an issue of fact by jury. Of course, a jury, until it is impaneled and sworn, cannot commence to try an issue of fact. Although the *voire dire* examination is a part of the trial, it is not a part of the trial of the facts. In the examination of a juror the issue is his qualification to sit in the cause on trial. *Putnam*

*v. Pacific Monthly Co.,* 68 Or 36, 53, 130 P 986, 136 P 835. Such examination is not the trial of the facts at issue between the parties.

▨ In view of the history of ORS 18.230(1) we think the legislature intended the phrase "trial of the facts" to mean something more limited than the inclusive word "trial" previously used in the statute. Statutes limiting the right of the plaintiff to a voluntary nonsuit are in derogation of the common law, must be strictly construed, and will not be extended to include cases not within their express terms. See *Bobillot v. Clackamas County,* supra, and authorities there cited.

▨ We hold, therefore, that the trial of the facts within the meaning of ORS 18.230 commences when the court commences to receive evidence for the purpose of determining the issues of fact between the parties. In a jury case this would be after the jury has been impaneled and sworn.

The judgment is reversed and the case remanded with instructions to enter a judgment of nonsuit.