# SANDERS, *Appellant,*
## *v.*
# FRANCIS et al, *Respondents.*
## (35-785, SC 24-518)
### 561 P2d 1003

James E. Mountain, Jr., Portland, argued the cause for appellant. With him on the briefs were Connall & Spies, P.C., Portland.

Neva T. Campbell, Portland, argued the cause for respondents. With her on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, Lent, Linde, and Bradshaw, Justices.

LINDE, J.

## LINDE, J.

■ Plaintiff appeals from dismissal of her complaint for failure to state a cause of action under the Unlawful Trade Practices Act, ORS 646.605 et seq.

According to the complaint, defendant automobile dealers sold plaintiff a used Mercury for $3,898 which they advertised in the Oregonian at a price of $3,098 the day before and again a few days after the sale. The first count alleged that "[s]aid advertisements were made with the intent not to sell said 1972 Mercury Cougar automobile as advertised." The second count alleged that defendants "made false and misleading representations to plaintiff concerning the nature of the transaction, by failing to disclose the fact that the said 1972 Mercury Cougar was being offered for sale at a price of $3,098." The complaint further alleged that plaintiff lost $800 as a result of the asserted unlawful trade practices, that defendants refused plaintiff's demand to compensate her, that these actions were taken "willfully and maliciously," and it prayed for $800 general damages, $25,000 punitive damages, and attorneys' fees. The trial court sustained defendants' demurrer to both counts, and plaintiff declined to plead further.

The appeal raises issues of first impression under the statute. The complaint is based on ORS 646.638,[1] which authorizes an action for actual and punitive damages for a loss resulting from a trade practice declared unlawful by ORS 646.608. That section lists 18 practices "declared to be unlawful." A 19th paragraph forbids "any other unfair or deceptive conduct in

---

[1] ORS 646.638(1):

"Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide such equitable relief as it deems necessary or proper."

trade or commerce," which must be further specified by the Attorney General through rulemaking procedures. ORS 646.608(1)(a)-(s). The following are pertinent to the facts alleged here.

ORS 646.608(1): "A person engages in a practice hereby declared to be unlawful when in the course of his business, vocation or occupation he:

\* \* \* \* \*

"(i) Advertises real estate, goods or services with intent not to sell them as advertised, or with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

"(j) Makes false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions;

"(k) Makes false or misleading representations concerning the availability of credit or the nature of the transaction or obligation incurred;

\* \* \* \* \*

"(2) A representation under subsection (1) of this section may be any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact."

■ Plaintiff's first count alleges the relevant statutory elements of a violation of paragraph (i), i.e. the advertising of the automobile "with the intent not to sell [it] as advertised." In the trial court, defendants seemed to argue in support of their demurrer that paragraph (i) was addressed to the practice of "bait advertising" or "bait and switch" and should therefore require that plaintiff was attracted by the advertisement. Their argument in this court pursues a somewhat different point, that reliance is required for a private action by the word "result" in ORS 646.638(1), which we take up below. As to paragraph (i) of ORS 646.608(1), the question whether a complaint of "bait advertising" would require that the customer was attracted by the advertisement is not before us, but the terms of the paragraph go beyond this particular practice.

If there is difficulty with paragraph (i) it is in defining the proscribed "intent not to sell." When a dealer is prepared to sell items at his initial asking price, or at a lower, negotiated price, or at the advertised price if that is what he is offered, is he advertising "with intent not to sell them as advertised?" Such a dealer has no intent *not* to sell as advertised, but his intent is not to sell *only* as advertised. The phrase seems to turn on the question whether by *selling,* in the consumer protection context, the draftsmen meant the dealer's active proposal of a sale at the advertised price or also his mere passive willingness to make the sale at that price if offered by the customer. The point was not briefed by the parties, and on oral argument both counsel gave replies that they may wish to have more time to consider. Since the first count states a violation of paragraph (i) on either interpretation, though with different burdens of proof on the issue of intent, we shall leave the parties the opportunity to brief this issue to the trial court if it proves important to the case.

Plaintiff's second count differs only in alleging that defendants "made false and misleading representations to plaintiff concerning the nature of the transaction, by failing to disclose the fact that the said 1972 Mercury Cougar was being offered for sale at a price of $3,098." This allegation mixes assertions pertinent to paragraph (j) of the list of unlawful practices ("representations of fact concerning . . . existence of, or amounts of price reductions") with assertions pertinent to paragraph (k) ("nature of the transaction"). It is important in this connection that subsection (2), quoted above, defines "representation" to include a failure to disclose a fact. We agree with defendants that the failure to disclose the advertisement of the car at a lower price did not misrepresent "the nature of the transaction" of selling the car at $3,898 within the meaning of paragraph (k). However, the alleged failure to disclose the advertised price of $3,098 coupled with the sale at $3,898 does appear sufficiently to

plead a forbidden representation concerning the existence or amount of a price reduction under paragraph (j). No doubt the primary target of this paragraph was the practice of luring customers with dubious representations that prices have been "slashed" by large percentages, sometimes said to be forced by "going out of business," "removal," or "fire sales."[2] But as in the case of paragraph (i), paragraph (j) is not limited to that particular practice. It forbids sellers to misrepresent (and by virtue of subsection (2), to fail to disclose) price reductions for any purpose.

■ Defendants' chief argument, as already stated, is that irrespective of any unlawful practice committed by defendants, plaintiff must have acted in reliance on that practice in order to have a civil action under ORS 646.638.[3] This is said to follow from the requirement that plaintiff's loss be the "result" of defendant's wilful use of the unlawful practice. In many cases plaintiff's reliance may indeed be a requisite cause of any loss, i.e. when plaintiff claims to have acted upon a seller's express representations. But an examination of the possible forms of unlawful practices shows that this cannot invariably be the case. Especially when the representation takes the form of a "failure to disclose" under subsection (2), as in this case, it would be artificial to require a pleading that plaintiff had "relied" on that non-disclosure. Similarly, if the particular violation of paragraph (i) is a sale made in wilful[4] disregard of the advertised price, and intended at the time of the advertisement, then plaintiff's damage results precisely from defendants' reliance on her ignorance, not from plaintiff's reliance on defendants' advertisement. Whether ORS 646.638(1) re-

---

[2] Commissioners' Comment, § 2 (11), Uniform Deceptive Trade Practices Act (1966 Revision), 7 ULA 339.

[3] Supra, n 1.

[4] While ORS 646.638 uses the term "wilful" without *violations*, the statute defines a "wilful violation" as occurring "when the person committing the violation knew or should have known that his conduct was a violation." ORS 646.605(8).

quires reliance as an element of causation necessarily depends on the particular unlawful practice alleged.

We hold that the demurrer should have been overruled.

Reversed and remanded.