Argued and submitted September 24, reversed and remanded
for new trial November 17, 1980, reconsideration denied January 22,
petition for review denied February 18, 1981 (209 Or 491)

# PELFREY,
*Respondent,*

*v.*

# KUNI CADILLAC, INC.,
*Appellant.*

## (No. A7712-17556, CA 14573)

619 P2d 662

Patric J. Doherty, Portland, argued the cause for appellant. With him on the briefs was Rankin, McMurry, Osburn, VavRosky & Doherty, Portland.

John H. Kelley, Milwaukie, argued the cause for respondent. With him on the brief was Redman, Carskadon & Knauss, Milwaukie.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P. J.

**JOSEPH, P. J.**

Plaintiff alleged two causes of action, one for violation of the Unlawful Trade Practices Act (ORS 646.605 *et seq*) and one for fraud. At the close of the plaintiff's case the trial court dismissed the Unlawful Trade Practices claim. The jury returned a verdict in favor of plaintiff for general and punitive damages on the fraud claim. Defendant appeals.

■ In the trial court plaintiff persuaded the judge to instruct the jury in accordance with Justice Lent's specially concurring opinion in *Byers v. Santiam Ford Inc.,* 281 Or 411, 574 P2d 1122 (1978). At the argument plaintiff conceded that unless this court is prepared to rule contrary to the Supreme Court majority in *Byers,* the trial court's instruction was in error. We are, of course, bound by the majority decision in *Byers.* The trial court's failure to instruct properly on the plaintiff's burden of proof was error, and it was prejudicial error. *See Elam v. Soares,* 282 Or 93, 102-103, 577 P2d 1336 (1978) and the cases therein cited; *State ex rel Redden v. Discount Fabrics, Inc.,* 289 Or 375, 388, 615 P2d 1034 (1980).

■ Consequent on the dismissal of plaintiff's Unfair Trade Practices Act claim, defendant moved for the allowance of attorney's fees under ORS 646.638(3). The motion was denied. The allowance of attorney's fees was discretionary, and the trial court did not abuse its discretion.

Defendant's other assignment of error presents a matter that is not likely to recur at the new trial, and so we will not discuss it.

Reversed and remanded for new trial.