Argued and submitted October 21, affirmed December 7, 1981

TRANSAMERICA INSURANCE COMPANY,
*Appellant,*
*v.*
BLOOMFIELD, dba Sunset Inn,
*Respondent.*

(No. C79-2-16, CA 16901)

OREGON MUTUAL INSURANCE COMPANY,
*Appellant,*
*v.*
BLOOMFIELD et al,
*Respondents.*

(No. C79-2-17)

UNIGARD INSURANCE COMPANY,
*Appellant,*
*v.*
BLOOMFIELD et al,
*Respondents.*

(No. C79-2-18)

637 P2d 176

I. Franklin Hunsaker, Portland, argued the cause for appellants. With him on the briefs were Douglas G. Houser, John W. Buehler, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

James H. Clarke, Portland, argued the cause for respondents. With him on the brief were James M. Pippin, Wayne Hilliard, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

VAN HOOMISSEN, J., concurring opinion.

## RICHARDSON, P. J.

These are consolidated declaratory judgment actions in which the plaintiff fire insurers contended they were not liable for a fire loss and the defendant insureds counterclaimed to recover under the policies. Plaintiffs appeal from the jury verdicts and resulting judgments in defendants' favor. We affirm.

In the first counts of plaintiffs' complaints, they alleged that defendants were not entitled to recover because defendants intentionally caused the fire. In their second counts, plaintiffs contended that defendants made material misrepresentations and swore falsely regarding the cause of the fire and the amount of loss. Accordingly, plaintiffs urged that defendants' right to recover was defeated by the following provision, included in the policies as required by ORS 743.612:

> "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

The trial court instructed the jury that plaintiffs were required to prove their arson claims by a preponderance of the evidence, and were required to prove the misrepresentation and false swearing counts by clear and convincing evidence. Plaintiffs' only assignment of error is that the jury should have been instructed that the preponderance of the evidence, rather than the clear and convincing evidence, standard applied to the latter counts.[1]

---

[1] The instruction to which plaintiffs object, as set forth in their assignment of error, states:

"* * * Any intentionally false statement in the proof of loss or Examination Under Oath by any insured touching a material fact, renders the insurance policy void and uncollectible, even though the insurance company may not have been actually deceived or misled. I instruct you that your verdict should be for the plaintiff insurance companies on Count Two in each case as to the property insured in that case if you decide that the defendants or either of them intentionally materially misrepresented the true facts concerning, one, the subject of the insurance contract, or two, the origin and cause of the fire, or three, lack of participation in the intentional setting of the fire, or four, as to the Transamerica case only, the extent of the loss suffered.

Defendants' principal argument in support of the instruction given is that plaintiffs' misrepresentation and false swearing allegations are, in substance, allegations of common law fraud and should be subject to the clear and convincing evidence standard of proof which applies in fraud cases.[2] *See, e.g., Cook v. Michael,* 214 Or 513, 525-27, 330 P2d 1026 (1958). Plaintiffs argue (1) that the clear and convincing evidence standard for proof of fraud was not appropriate here, because they were entitled to prevail under ORS 743.612 and the policy provisions without proving *all* the elements of common law fraud; (2) that they alleged a breach of contract rather than fraud and were therefore entitled to prove the breach by the preponderance of the evidence standard applicable to breach of contract actions; (3) that ORS 17.250(5) requires that the jury be instructed in accordance with the preponderance of the evidence standard; and (4) that policy reasons support the application of the lesser standard of proof in cases where insurers allege knowing misrepresentations by insureds. The parties agree that the precise issues they present have not previously been resolved by Oregon appellate courts. They also agree that authority from other jurisdictions on the same or similar issues is conflicting (although they do not agree what the weight of that authority is).

■ The initial question is whether the facts plaintiffs were required to prove under their second counts are sufficiently similar to the elements of common law fraud to make viable defendants' contention that the same standard of proof should apply. Plaintiffs are correct in contending that the elements are not wholly overlapping. In *Willis v. Horticultural Fire Relief,* 69 Or 293, 137 P 161, AC' 16A 449 (1914), the insurer contended that, under a substantially identical predecessor to ORS 743.612, the insurer was

"To prevail on these issues the plaintiff must prove misrepresentation by clear and convincing evidence. Clear and convincing evidence is such as enables you to find the truth of the facts asserted by Plaintiff is highly probable. An innocent or unintentional mistake in the proof of loss does not amount to a misrepresentation by the defendants."

Defendants argued at trial that the arson count also required proof by clear and convincing evidence. That issue does not arise here.

[2] Defendants also argue that the instruction was correct, because clear and convincing proof is required to establish forfeiture of a contract and that any error in the instruction was not prejudicial.

not required to show that the insureds' false swearing was accompanied by an intent to defraud. The court stated:

"* * * The terms 'fraud' and 'false swearing,' [in the statute] being used together, must have the same application, and the false swearing must have been knowingly and willfully false; its effect being to deceive or mislead * * *." 69 Or at 296.

However, the Court agreed with the insurer that:

"* * * Although false swearing knowingly and intentionally done is evidence of the fraud and of the intention to injure the defendant, yet the [trial] court includes as a necessary additional element of proof the intention to defraud. This, we think, was error * * *." 69 Or at 297.

In *Henricksen v. Home Ins. Co.,* 237 Or 539, 392 P2d 324 (1964), the court said:

"Exception was taken on the ground that the instruction was erroneous in stating that the insurer must believe the false representation, rely upon it and be deceived by it before the policy is voidable. It is pointed out that in the present case defendant was not deceived by false representation, and that its disbelief was the reason for rejecting the claim.

"* * * * *

"* * * The jury should have been instructed that if plaintiffs willfully overstated the value of the goods in the inventories or in the proof of loss or if they included items not damaged or lost as a result of the fire, then defendant is not liable irrespective of whether the misrepresentations caused damage to defendant or would cause damage if it was required to pay the loss." 237 Or at 542-43.

Hence, under the Supreme Court's interpretations of the contractual provision required by ORS 743.612, the proscribed misrepresentations must be made knowingly and wilfully, but the showing necessary to defeat coverage does not include other elements of common law fraud such as intent to defraud or mislead, reliance or actual injury.

Plaintiffs argue that this case is analogous to *State ex rel Redden v. Discount Fabrics,* 289 Or 375, 615 P2d 1034 (1980), where the court held that the preponderance of the evidence, rather than the clear and convincing evidence, standard of proof was appropriate in an action for a civil penalty under the Unlawful Trade Practices Act (UTPA), ORS 646.605 *et seq.* The court noted that "not all of [the

elements of common law fraud] are required in order to recover under the [UTPA]." 289 Or at 384. It then observed:

"* * * For example, the element of reliance is notably different. In *Sanders v. Francis,* 277 Or 593, 598-99, 561 P2d 1003 (1977), this court considered whether reliance was a necessary element to a private action under ORS 646.638(1). That section requires that a private party has suffered an ascertainable loss 'as a *result of* wilful use or employment by another person of a method or practice declared unlawful by ORS 646.608 * * *,' before such party may bring a UTPA suit. This court determined that whether reliance was a necessary element depended upon the type of violation alleged and that reliance was not required in nondisclosure cases. Thus, reliance may not be an element of a private cause of suit under ORS 646.638(1) because of the requirement that the loss be the 'result of' wilful conduct. In any event, no such requirement that a loss be the 'result' of wilful conduct exists when, as in this case, suit is brought by the state under ORS 646.632 and when a civil penalty is sought under ORS 646.642(3)." (Emphasis in original.) 289 Or at 384.

Then the court stated that, "[i]n addition, the element of scienter as required in an action for common law fraud is not required by the UTPA." 289 Or at 384. After analyzing the scienter requirement in fraud actions, the court concluded:

"By contrast, ORS 646.642(3) permits the imposition of a civil penalty if defendant 'knew or should have known that his conduct was a violation.' ORS 646.605(9).

"Thus, under the terms of that statute a defendant is liable for misrepresentations made negligently, without evidence that it was attended by either conscious ignorance or reckless indifference to its truth or falsity, whereas evidence that a misrepresentation was made negligently is insufficient in an action for common law fraud. *In other words, the term 'wilful,' as defined by ORS 646.605(9), requires no more than proof of ordinary negligence* by a defendant in not knowing, when it should have known, that a representation made by him was not true.

"In a cause of action for ordinary negligence the degree or standard of proof required is a 'preponderance of the evidence.' In our opinion, the same degree or standard of proof is required in a proceeding under the UTPA *in view of the provisions of ORS 646.605(9),* and we decline to

extend to such proceedings the more rigorous degree or standard of proof required in an action for common law fraud." (Footnote omitted; emphasis added.) 289 Or at 385-86.

Plaintiffs here argue:

"It is particularly significant to note that in *State ex rel Redden, supra,* the basis of the alleged violations of the UTPA was alleged willful misrepresentations. It was for that reason, in conjunction with the argument of the defendant that the allegations in question really constituted common law fraud, that the trial court imposed the more rigorous degree or standard of proof of 'clear and convincing evidence.' The Supreme Court, however, reviewed the elements of common law fraud and concluded that, just as is true in this matter, not all of those elements are required in order to prove a claim of willful misrepresentation under the UTPA, *specifically the elements of scienter and, most significantly, reliance. (Id.* at 383-384.) Therefore, the Court concluded that the 'preponderance of the evidence' standard should have been used as required by ORS 17.250(5)." (Emphasis added.)

In our view, plaintiffs miss the point of *Discount Fabrics,* or at least emphasize the wrong point. It is correct that the court said that a misrepresentation under the UTPA provision differed from actionable fraud in that neither reliance nor scienter had to be shown under the statute. However, the court's holding on the standard of proof issue was specifically based on ORS 646.605(9), which defines "wilful" to include negligent as well as fraudulent conduct. Conversely, coverage cannot be avoided under ORS 743.612 unless it is established that the insured's misrepresentation or false swearing was knowing and wilful.[3]

Among the stated rationale for the requirement of clear and convincing proof in fraud cases is that "[t] he stigma of fraud is not lightly laid upon a defendant." *Fahrenwald v. Hemphill,* 239 Or 421, 426, 398 P2d 174 (1965). No reason readily appears why a wilful and knowing violation of ORS 743.612 and the contract provisions

---

[3] The parties' arguments do not require us to consider whether a violation of ORS 743.612, like common law fraud, can be predicated on reckless as well as intentional misrepresentations. *See State ex rel Redden v. Discount Fabrics, supra,* 289 Or at 384-85.

required by that statute would be any less stigmatizing.[4] We do not find plaintiffs' argument based on the difference between the elements of fraud and of misrepresentation under ORS 743.612 to be a persuasive reason for applying a different standard of proof. In both contexts, wilful false conduct must be shown.

■　　The next question is whether the fact that fraudulent conduct is *contractually* prohibited makes its proof subject to the preponderance test for establishing breach of contract, rather than to the stricter standard necessary to prove common law fraud. Plaintiffs argue that the answer is yes. Defendants respond:

> "The minimum degree of proof of false swearing is not changed to a preponderance of the evidence by inserting in the policy a forfeiture provision prescribed by statute that reflects the rights of the parties at common law. * * *"

We agree with defendants. It is at best highly doubtful that parties may, by contract, allocate burdens of proof, establish standards of proof or, in other respects, control judicial fact-finding procedures in actions arising out of their contracts. *See W. J. Seufert Land Co. v. Greenfield,* 262 Or 83, 88-89, 496 P2d 197 (1972); 6A Corbin on Contracts, § 1432, at 386, n 76 and preceding text (1962). In any event, neither ORS 743.612 nor the parties purported to do so here. The statute and the policy provisions state that certain false conduct will result in a forfeiture of coverage; they do not state that, in actions on or pertaining to the policies, conduct can be established by less satisfactory proof than is generally necessary to establish similar conduct. The statute and the policy language it requires make the commission of fraud subject to a consequence, *i.e.,* forfeiture of contract rights, but they have no express bearing on how the fraud must be proved. We decline to interpret them as implicitly altering the standard of proof. *See Pfleeger v. Swanson et al,* 229 Or 254, 258, 367 P2d 406, 1 ALR3d 707 (1961). We conclude that, if the misrepresentations and false swearing alleged by plaintiffs are not

---

[4] Although not an issue in this appeal, it is philosophically perplexing, in light of the "stigma" rationale for the higher standard, that plaintiffs might have proved by a mere preponderance of the evidence that the defendants committed arson, but were required to adduce clear and convincing evidence to establish their allegations that the defendants were not being candid in denying they committed arson.

subject to the preponderance of the evidence, rather than the clear and convincing evidence, test for other reasons, they do not become so because the alleged conduct is forbidden by the statute and the contracts as well as by the common law. *See Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980).

■ Plaintiffs next argue that ORS 17.250(5) requires that the jury be instructed in accordance with the preponderance of the evidence standard. That statute provides:

> "That in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory, the finding shall be according to the preponderance of evidence; that in criminal cases guilt shall be established beyond reasonable doubt."

The court stated in *Cook v. Michael, supra:*

> "Our treatment of ORS 17.250(5) should not be taken to mean that in civil cases an instruction in terms of a preponderance of the evidence is the only permissible charge. When an issue must be proved by clear and convincing evidence an instruction so stating does not run counter to ORS 17.250(5). Thus where the issue is fraud, a higher degree of proof is necessary. * * *" 214 Or at 525.

*See also, State ex rel Redden v. Discount Fabrics, supra,* 289 Or at 382-83.

■ Finally, plaintiffs contend that "* * * public policy considerations and the public interest in fighting arson and false swearing in connection with insurance claims strongly support the imposition of [the preponderance of the evidence] standard rather than the more stringent standard of 'clear and convincing evidence' erroneously imposed by the trial court." Defendants reply:

> "Considerations of public policy require the Court to reject plaintiffs' contention that false swearing should be treated broadly to discourage fraud by policyholders. To grant insurance companies relief from false swearing on evidence that would not sustain a charge of fraud in other cases would encourage them to delay payment of valid claims and to accuse those who deal with them of dishonesty."

We do not find these alternative policy considerations to be a compelling factor in deciding this case. The

contract provisions mandated by ORS 743.612 permit forfeiture only when an insured's falsity is knowing and wilful. By enacting a statute which attaches consequences only to conduct which the courts have made subject to the clear and convincing evidence standard of proof, the legislature presumably has answered plaintiffs' policy argument. If that answer is to be reconsidered, the legislature, not this court, is the appropriate forum.

We hold that the instruction was not erroneous. In light of the basis for our holding, we do not reach the other arguments defendants make in support of the judgments.[5]

Affirmed.

## VAN HOOMISSEN, J., concurring.

I concur in the opinion of the court. Nevertheless, I am not satisfied with the practice of instructing juries on different burdens of proof in cases such as this. Having tried unsuccessfully as a trial judge to effect some re-examination of this troublesome problem, *see Pelfrey v. Kuni Cadillac,* 49 Or App 241, 619 P2d 662 (1980), I merely

---

[5] We note, however, that there is much to be said for defendants' contention that no possibility of prejudice was present here. The practical difference between the preponderance of the evidence and clear and convincing evidence tests is problematical under any circumstances. *Compare State ex rel Redden v. Discount Fabrics, supra,* 289 Or at 388-90 with *Medak v. Hekimian,* 241 Or 38, 46, 404 P2d 203 (1965). Here, plaintiffs contended that defendants' false swearing and misrepresentations went to their involvement in causing the fire and to the amount of loss. Although the jury was instructed that the misrepresentations had to be proved by clear and convincing evidence, the jury was also instructed that the proof on plaintiffs' arson counts was subject to the preponderance of the evidence test. The jury found against plaintiffs on their arson counts. The jurors who found that plaintiffs had not proved arson by a preponderance of the evidence would not likely have found that defendants made misrepresentations regarding the alleged arson, whatever the standard of proof.

The alleged misrepresentation concerning the amount of loss was submitted to the jury only in the case of plaintiff Transamerica Insurance Company. According to that plaintiff's complaint, defendants' total claim in their proof of loss was $650,000. In addition to finding that that claimed misrepresentation had not been proved by clear and convincing evidence, the jury found that defendants' proof under their counterclaim established that they were entitled to $325,000 from Transamerica. Although we cannot so hold as a matter of law, we would be very surprised if the jury, which awarded those substantial damages against the insurer, would also find that the insured knowingly and wilfully misrepresented the amount of loss, whatever standard of proof the jury was instructed to apply. *See* Annot., 16 ALR3d 774, 812-22, § 16-17 (1967). In sum, while plaintiffs' position in these appeals is legally tenable—albeit incorrect in our view, their position is factually academic.

record my conviction that the arguments presented in Justice Lent's specially concurring opinion in *Byers v. Santiam Ford, Inc.*, 281 Or 411, 418, 574 P2d 1122 (1978), are most persuasive.