705 S.E.2d 828

Shirley **WHITE**, Cathy Dennison, and Jenny Tyler, on Behalf of Themselves and A Class of Others Similarly Situated, Plaintiffs Below, Respondents

v.

**WYETH**, f/k/a American Home Products, d/b/a Wyeth–Ayerst Laboratories, Dannemiller Memorial Education Foundation, and Ketchum, Inc., Defendants Below, Petitioners.

No. 35296.

Supreme Court of Appeals of
West Virginia.

Submitted June 1, 2010.

Decided Dec. 17, 2010.

Pamela D. Tarr, Amber Hoback, Jackson Kelly, Charleston, WV, Lisa M. Duggan, G. Gregg Webb, F. Lane Heard, III, Williams & Connolly, Washington, DC, for Defendant, Wyeth & Ketchum.

W. Henry Jernigan, Dinsmore & Shohl, Charleston, WV, for Amicus, Product Liability Council.

Anthony Majestro, Charleston, WV, for Amicus, WV Association for Justice.

William Alden McDaniel, Jr., Pro Hac Vice, Baltimore, MD.

W. Stuart Calwell, Jr., Thomas Rodd, The Calwell Practice, Charleston, WV, for the Plaintiffs.

William David Wilmoth, Lindsay E. Agee, Steptoe & Johnson, Wheeling, WV, for the Defendant, Dannemiller.

Michael J. Farrell, Erik W. Legg, Farrell, Farrell & Farrell, Huntington, WV, Jill Miles, Assistant Attorney General, Counsel for Amicus, WV Attorney General.

McHUGH, Justice:

This case is before the Court on certified question raised by the Putnam County Circuit Court in its June 9, 2009, "Order Issuing Certificate of Certified Question," and its July 14, 2009, "Amended Order Denying Defendants' Motion to Dismiss and, Alternatively, for Summary Judgment, but Certifying a Legal Question to the West Virginia Supreme Court of Appeals." The question

stems from a suit filed by respondents herein, plaintiffs below, Shirley White, Cathy Dennison, and Jenny L. Tyler as users of hormone replacement drugs, on behalf of themselves and a class of others similarly situated (hereinafter "Respondents"), pursuant to the West Virginia Consumer Credit and Protection Act (hereinafter "WVCCPA"), against petitioners herein, defendants below,[1] Wyeth, f/k/a American Home Products, d/b/a Wyeth–Ayerst Laboratories, and Ketchum, Inc.[2] (hereinafter collectively referred to as "Wyeth"). Following entry of an order denying Wyeth's alternative motions for dismissal and summary judgment propounded on the basis of lack of standing, the following question was submitted for this Court's consideration in accord with West Virginia Code § 58–5–2 (1998) and Rule 13[3] of the West Virginia Rules of Appellate Procedure:

> Does the "as a result of" language in Section 46[A]–6–106(a) of the West Virginia Consumer Credit and Protection Act require a plaintiff, in a private cause of action under the Act, to allege and prove that he or she purchased a product because of and in reliance upon an unlawful deceptive act?

The lower court answered the question in the negative.

## I. Factual and Procedural Background

The underlying consumer fraud suit was filed pursuant to the WVCCPA in April 2004 by Respondents as private citizens who purchased prescription hormone replacement therapy ("HRT") drugs. West Virginia Code § 46A–6–106(a) specifically provides in pertinent part that:

> Any person who purchases ... goods ... and thereby suffers any ascertainable loss of money or property ... as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provi-

sions of this article [entitled General Consumer Protection] may bring ... [a civil] action ... to recover actual damages or two hundred dollars, whichever is greater.

Respondents' complaint, filed on behalf of themselves and a class of others similarly situated,[4] alleged that the named defendants used unfair and deceptive practices in promoting HRT prescription drug products to doctors and patients for treatment of serious menopausal disorders by using misleading statements in advertising, marketing and labeling of the products. The complaint does not allege that any of the named Respondents or their doctors ever received, read or relied upon the alleged misrepresentations.

Following completion of class certification discovery, Wyeth filed alternative motions for dismissal or summary judgment on October 27, 2008. In support of these motions Wyeth argued that Respondents could not establish that they had standing to sue because they failed to meet their burden of showing a causal connection between their individual claims of injury and any alleged unfair or deceptive conduct attributed to Wyeth. Wyeth particularly noted the lack of evidence demonstrating that: Respondents received information from Wyeth about HRT; Respondents decided to purchase HRT drugs because of anything they learned from Wyeth; Respondents' treating physicians considered information from Wyeth when they issued the prescriptions for HRT drugs to Respondents; or that Wyeth concealed any studies or other information about HRT drugs.

Respondents countered by arguing that the statutory language only requires that they prove causation by alleging that Wyeth engaged in deceptive practices and that Respondents were harmed. They maintained that reliance on deceptive statements or

---

1. Dannemiller Memorial Education Foundation was also named as a defendant in the suit but has not joined in this petition.

2. As noted in the petitioners' brief, Ketchum, Inc. is an advertising and public relations agency that handled marketing of certain products for Wyeth.

3. The appellate procedure governing certified questions is addressed in Rule 17 of the revised West Virginia Rules of Appellate Procedure effective December 1, 2010.

4. As indicated in the lower court's July 14, 2009, order, "[a] class has not been certified in this case."

practices need not be demonstrated because the WVCCPA only requires that their pleadings state that they "suffered ascertainable loss" "as a result of" various unfair and deceptive acts of Wyeth. W. Va.Code § 46A–6–106(a).

The lower court found that the WVCCPA does not require plaintiffs pursuing a private cause of action to allege reliance in their complaints. The court then denied Wyeth's motions to dismiss or for summary judgment for lack of standing. The lower court observed that the interpretation of the phrase "as a result of" in West Virginia Code § 46A–6–106(a) was a matter of first impression and was a determinative issue in a potentially large and costly suit. Concerned with the seeming conflict between its interpretation of the statutory phrase in light of the constitutional standing requirement regarding causal connection,[5] the lower court certified the issue as a legal question to this Court.

Wyeth petitioned this Court for review of the certified question, which was accepted by order dated November 12, 2009. Thereafter, we granted leave to the Product Liability Advisory Council to file an amicus curiae brief in support of Wyeth. We also granted leave to the West Virginia Attorney General and the West Virginia Association of Justice to file amicus curiae briefs in support of Respondents.

## II. Standard of Review

As stated in syllabus point one of *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996), "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*"

## III. Preliminary Issues

The question as certified from the lower court is:

Does the "as a result of" language in Section 46[A]–6–106(a) of the West Virginia Consumer Credit and Protection Act require a plaintiff, in a private cause of action under the Act, to allege and prove that he or she purchased a product because of and in reliance upon an unlawful deceptive act?

The positions of the parties regarding the meaning of the phrase "as a result of" was outlined in the lower court's July 14, 2009, amended order as follows:

Wyeth argues that the "as a result of" language contained in the statute requires the Plaintiffs to allege that they relied, or their doctors relied, on Wyeth's allegedly deceptive actions when they made the decision to purchase hormone replacement therapy. Under Wyeth's theory, Article VIII of the West Virginia Constitution requires the Plaintiffs to allege reliance as part of their claim that Wyeth violated the provisions of the WVCCPA.

The Plaintiffs argue that . . . the statutory language only requires them to prove causation . . . and [they] may recover regardless of whether the Plaintiffs relied on the deceptive statements of Wyeth. . . . * * * The Plaintiffs aver that W. Va.Code § 46A–6–102(7)(M) when read with W. Va. Code § 46A–6–106, does not require the Plaintiffs to prove reliance. * * * Thus, the Plaintiffs' advance the argument that when the Plaintiffs received drugs that were different from or inferior to that which they were entitled to receive, they did not receive the benefit of their bargain, and they therefore suffered an ascertainable loss and had a right to bring an action under the WVCCPA. * * *

Based upon the remedial nature of the subject statute, the lower court proposes that the question be answered in the negative. In the context of the question as certified, this would mean that the lower court suggests that a purchaser of goods and services does not have to allege or prove a purchase was made "because of and in reliance upon an unlawful deceptive act" in order to establish a private cause of action pursuant to the

---

5. The standing requirement to which the lower court refers is found in syllabus point five of *Findley v. State Farm Mutual Auto. Ins. Co.*, 213 W.Va. 80, 576 S.E.2d 807 (2002), which lists the three elements necessary to establish standing pursuant to Art. 8, § 3 for the West Virginia Constitution. The element significant to the case before us is: "there must be a causal connection between the injury and the conduct forming the basis of the lawsuit." *Id.*

WVCCPA. However, a careful reading of the lower court's detailed reasoning in the July 14, 2009, order in light of parties' arguments leads us to believe that the issue is narrower in scope than the question as structured implies. That is, the lower court did not conclude that *neither* reliance *nor* a causal connection need be established in order to pursue a private cause of action under the WVCCPA. To the contrary, the lower court's amended order contained the specific finding that "the 'as a result of' language in W. Va.Code 46A–6–106(a) does not require proof of reliance, but only proof of causation." As such, this Court elects to reformulate the certified question so as to more adequately address the dispositive issue presented. *See* Syl. Pt.3, *Kincaid v. Mangum,* 189 W.Va. 404, 432 S.E.2d 74 (1993) (recognizing this Court's authority to reformulate questions certified to it by the circuit courts in order to fully address the law involved in the question). Accordingly, we reformulate the question certified in the following manner:

> Does the "as a result of" language in Section 46A–6–106(a) of the West Virginia Consumer Credit and Protection Act require proof of reliance on alleged affirmative misrepresentations in order to satisfy the element of causation in private causes of action brought pursuant to the Act?

The parties point to numerous decisions in various jurisdictions regarding reliance as an element in consumer protection cases brought pursuant to state consumer protection statutes. Most states adopted consumer protection legislation in the 1960's and 1970's in reaction to the failure of federal laws to provide consumers with an adequate alternative to the proof requirements of common law fraud to remedy unfair and deceptive trade practices. *See* Dee Pridgen & Richard M. Alderman, *Consumer Protection and the Law* vol. 1, § 1:1(2009–2010 ed.); Sheila B. Scheuerman, *The Consumer Fraud Class Action: Reining in Abuse by Requiring Plaintiffs to Allege Reliance as an Essential Element,* 43 Harv. J. on Legis. 1, 10–20 (2006)

for historical genesis of consumer protection laws.

The WVCCPA was enacted in 1974 and "is a hybrid of the Uniform Consumer Credit Code and the National Consumer Act and some sections from then-existing West Virginia law." *Clendenin Lumber and Supply Co., Inc. v. Carpenter,* 172 W.Va. 375, 379 n. 4, 305 S.E.2d 332, 336 n. 4 (1983). While all states have consumer protection laws, the provisions of the statutes among the states is far from uniform. Indeed, some state laws do not provide a private right of action [6] and vest all enforcement powers with the government. West Virginia is in the majority of states that grant enforcement power to both consumers and the State.[7]

Given the significant differences in the statutes, at the outset we identified those states which have adopted the same relevant statutory language as West Virginia to aid in our review of the numerous and varied judicial decisions addressing the subject here raised.

To this end, we surveyed the statutes of the various states to determine if they contained provisions using the same relevant terminology as West Virginia Code §§ 46A–6–106 and 46A–6–102(7)(M). The italicized phrases in the following recitation of the two statutes was the focus of our undertaking.

West Virginia Code § 46A–6–106:

(a) Any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, *as a result* of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provisions of this article may bring an action in the circuit court of the county in which the seller or lessor resides or has his principal place of business or is doing business, or as provided for in sections one [§ 56–1–1] and two [§ 56–1–2, repealed], article one, chapter fifty-six of this code, to recover actual damages or two hundred dollars, whichev-

---

6. The consumer protection statutes in Iowa and North Dakota do not provide for a private cause of action.

7. *See* W. Va.Code §§ 46A–7–108 through – 111(authorizing attorney general to initiate court actions to further WVCCPA purposes).

er is greater. The court may, in its discretion, provide such equitable relief as it deems necessary or proper.

West Virginia Code § 46A–6–102:

(7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following:

(M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, *whether or not any person has in fact been misled, deceived or damaged thereby* [.]

Our study reveals that the private cause of action provisions of twenty-eight states contain the "as a result of" language.[8] Eleven states and the District of Columbia have statutes containing the "whether or not any person has in fact been misled, deceived or damaged" language.[9] Only five states have both statutory provisions.[10] *See also* Carolyn L. Carter, *Consumer Protection in the States, A 50–State Report on Unfair and Deceptive Acts and Practices Statutes* (Feb. 2009).

## IV. Discussion

The lower court began its analysis of the reliance issue by considering Respondents' argument that the "as a result of" language of § 46A–6–106 should be read in conjunction with the definition of unfair or deceptive acts or practices appearing in § 46A–6–102(7)(M), which provides that a person does not have to be "in fact ... misled, deceived or damaged" by the deceptive act or practice. The lower court agreed with Wyeth's position that as a matter of statutory construction, the more specific provisions of what constitutes a private cause of action in § 46A–6–106(a) takes precedence over the general provisions contained in the definitions of § 46A–6–102.[11] No challenge is directed to this construction and we find it be sound.

The lower court then proceeded to address the question of whether the "as a result of" language in § 46A–6–106(a) reflects the Legislature's intent to impose a reliance requirement in all private causes of action brought pursuant to the WVCCPA. Finding that the intent of the Legislature was not clear, the lower court proceeded to construe the statute to resolve the ambiguity. After an extensive review of relevant case law from other jurisdictions as well as various authorities addressing the issue, the lower court concluded that, given the overriding remedial purpose of the WVCCPA "to protect consumers from deceptive acts and to prevent producers and distributors from providing false information about the dangers of products to consumers," the "as a result of" language in W. Va.Code 46A–6–106(a) does not require proof of reliance, but only proof of causation. The lower court nonetheless expressed concern that its decision potentially conflicted with the standing requirement that a causal connection ex-

8. *See* Alaska Stat. § 45.50.531(a); Ark.Code Ann. § 4–88–113(f); Cal. Civ.Code Ann. § 1780(a); Colo.Rev.Stat. § 6–1–113(1)(a); Conn. Gen.Stat. § 42–110g(a); Fla. Stat. § 501.211(2); Ga.Code Ann. § 10–1–399(a); Idaho Code § 48–608; 815 Ill. Comp. Stat. 505/10a(a); Kan. Stat. Ann. § 50–634(d); Ky.Rev.Stat. Ann. § 367.220(1); La.Rev.Stat. Ann. § 51:1409(A); 5 Me.Rev.Stat. Ann. § 213; Md. Com. Law Code Ann. § 13–408(a); Mich. Comp. Laws § 445.911(3); Miss. Code Ann. § 75–24–15(1); Mont.Code Ann. § 30–14–133(1); N.J. Stat. Ann. § 56:8–19; N.M. Stat. Ann. § 57–12–10; Or.Rev.Stat. Ann. § 646.638(1); 73 Pa. Consol. Stat. § 201–9.2(a); R.I. Gen. Laws § 6–13.1–5.2(a); S.C.Code Ann. § 39–5–140(a); S.D. Codified Laws § 37–24–31; Tenn.Code Ann. § 47–18–109(a)(1); Utah Code Ann. § 13–11–19(2); Vt. Stat. Ann. tit. 9, § 2461(b); and Va.Code Ann. § 59.1–204.

9. *See* Ariz.Rev.Stat. § 44–1522(A); Del.Code Ann. tit. 6, § 2513(a); D.C.Code § 28–3904; 815 Ill. Comp. Stat. 505/2; Iowa Code § 714.16(2); Kan. Stat. Ann. § 50–626(b); Md. Com. Law Code Ann. § 13–302; Minn.Stat. § 325F.69(subd.1); N.J. Stat. Ann. § 56:8–2; N.D. Cent.Code § 51–15–02; and S.D. Codified Laws § 37–24–6.

10. The five states with consumer protection statutes containing both relevant provisions are: Illinois, Kansas, Maryland, New Jersey, and South Dakota.

11. *See* Syl. Pt. 1, *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984).

ist between the injury and the conduct forming the basis of the lawsuit. It appears that this concern stems from the lower finding that the complaint in this case sufficiently demonstrated a causal connection by simply asserting that an ascertainable loss was suffered as a result of Wyeth's allegedly deceptive practices, and not that the purchase of the HRT drugs was made because of any representations made by Wyeth.

Wyeth first maintains that the lower court's determination regarding reliance is incorrect because the structure and plain language of § 46A–6–106(a) requires proof that the plaintiffs knew of and relied upon the allegedly deceptive conduct. Wyeth proposes that under the plain terms of this statute a plaintiff must allege and prove the following three elements: (1) an ascertainable loss; (2) the occurrence of an unfair or deceptive act or practice; and (3) demonstration that the loss was realized "as a result of" the improper act or practice. Wyeth insists that the phrase "as of result of" has to be read to mean that a plaintiff relied on the improper act or practice alleged in order to satisfy standing requirements. Following Wyeth's argument, irrespective of the nature of the unlawful practice a seller may have committed, a consumer would only have a cause of action under § 46A–6–106(a) when the consumer is able to demonstrate his or her purchase was made in reliance on the deceptive practice.

Respondents contend that the phrase "as a result of" does not mean that a consumer must produce some concrete evidence of reliance to establish a WVCCPA private cause of action. Instead they maintain that all that must be alleged and proven in a private WVCCPA cause of action is that an ascertainable loss was suffered and that the loss was caused by the unlawful deceptive conduct alleged.

■ The WVCCPA defines "[u]nfair methods of competition and unfair or deceptive acts or practices" as including "[t]he act, use or employment" of "any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppres-

sion or omission, in connection with the sale or advertisement of any goods or services." W. Va.Code § 46A–6–102(7)(M) (emphasis added). A private cause of action is authorized under the WVCCPA to those who purchase goods "and thereby suffer[ ] any ascertainable loss of money or property … as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful [pursuant to West Virginia Code § 46A–6–102]." W. Va. Code § 46A–6–106(a) (emphasis added). Moreover, this Court has established that a requisite element of standing to bring any civil suit is "a causal connection between the injury and the conduct forming the basis of the lawsuit." Syl. Pt. 5, in part, *Findley v. State Farm Mutual Auto. Ins. Co.*, 213 W.Va. at 84, 576 S.E.2d at 811. Thus, to state a private cause of action according to the plain language of the WVCCPA and standing requirements a consumer has to allege: unlawful conduct by a seller, an ascertainable loss on the part of the consumer, and a causal connection between the ascertainable loss and the conduct forming the basis of the lawsuit. This leads to the question at hand of whether the "as a result of" language appearing in § 46A–6–106, being susceptible of more than one meaning, should be construed as requiring that the causal connection between the unlawful conduct and the ascertainable injury in all cases be established through proof of reliance upon the alleged misconduct of the seller.

■ In construing an ambiguous statute, we must determine and adhere to legislative intent. Syl. Pt. 11, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995). "In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." Syl. Pt. 2, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975). In the introduction to the "General Consumer Protection" article of the WVCCPA—the article in which the private cause of action of consumers at issue here is codified—the Legislature declared that:

(1) [T]he purpose of this article is to complement the body of federal law gov-

erning unfair competition and unfair, deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this article, the courts be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters. To this end, this article shall be liberally construed so that its beneficial purposes may be served.

(2) It is, however, the further intent of the legislature that this article shall not be construed to prohibit acts or practices which are reasonable in relation to the development and preservation of business or which are not injurious to the public interest. . . .

W. Va.Code § 46A–6–101. We have recognized the dual legislative purposes of protecting consumers and promoting sound and fair business practices. *McFoy v. Amerigas, Inc.* 170 W.Va. 526, 295 S.E.2d 16 (1982); *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). With specific regard to the statutory private cause of action we have said that the WVCCPA was intended "to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." *Id.* at 777, 461 S.E.2d at 523. As a remedial law, "we must construe the [consumer protection] statute liberally so as to furnish and accomplish all the purposes intended." *Id.*

■ On the issue of legal causation, this Court has defined the concept of proximate cause as "that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred." Syl. Pt. 3, in part, *Webb v. Sessler*, 135 W.Va. 341, 63 S.E.2d 65 (1950). The U.S. Supreme Court in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008), recently examined whether in order to satisfy proximate cause

in a civil RICO claim predicated on a violation of the mail fraud statute required the plaintiffs in such case to show that they relied on a defendant's alleged misrepresentations. Rejecting the contention that the proximate-cause analysis applicable to a common-law fraud claim applied, the Supreme Court noted that "[r]eliance is not a general limitation on civil recovery in tort." *Id.* at 655, 128 S.Ct. 2131. The Court went on to say in *Bridge* that "while it may be that first-party reliance is an element of a common-law fraud claim, there is no general common-law principle holding that a fraudulent misrepresentation can cause legal injury only to those who rely on it." *Id.* at 656, 128 S.Ct. 2131.

■ The U.S. Supreme Court's conclusion has particular relevance where, as here, the statutory cause of action envelops deceptive practices involving information being concealed, withheld or omitted. Requiring proof of reliance on the misrepresentation alleged in such instances would virtually eliminate private causes of action authorized by statute for covert deceptive practices. Such finding would violate the "cardinal rule of statutory construction . . . [providing] that significance and effect must, if possible, be given to every section, clause, word or part of the statute." Syl. Pt. 3, *Meadows v. Wal–Mart Stores, Inc.*, 207 W.Va. 203, 530 S.E.2d 676 (1999).

We recognize that some states require reliance on the deceptive practice to be pled and proven in every private consumer protection case, either on the basis of the express language of the enabling statute,[12] or through judicial interpretation of consumer protection laws.[13] The judicial decisions from the remaining states can be said to fall within the following categories: those finding that reliance on the unlawful act or practice does not have to be demonstrated as part of a private cause of action; those finding that proof of reliance on a misrepresentation depends upon the facts of the case; and those finding that only a causal connection between the deceptive practice and loss be proven in all cases. *See* Bob Cohen, *Right to Private Action Under State Consumer Protection*

---

12. *See* Ind.Code § 24–5–0.5–4; Wyo. Stat. Ann. § 40–12–108(a).

13. *See e.g. Zeeman v. Black*, 156 Ga.App. 82, 273 S.E.2d 910 (1980); *Key v. Lewis Aquatech Pool Supply, Inc.*, 2002 WL 920936 (Va.Cir.Ct.2002).

Act—Preconditions to Action, 117 A.L.R.5th 155, 222–244 (compilation of cases within the three classifications).

Our review of the diverse cases and numerous authorities addressing the issue of reliance in the context of private consumer protection causes of action leads us to the conclusion that courts are struggling to arrive at a way to be faithful to the purposes of consumer protection statutes—promoting fair and honest business practices and protecting consumers—without inviting nuisance lawsuits which impede commerce. In determining the meaning of the phrase "as a result of" in the WVCCPA, we find the decisions from other jurisdictions which are most reasonable, practical and fair to all relevant purposes and interests are those which have concluded that proof of a causal nexus between the deceptive conduct giving rise to the private cause of action and the ascertainable loss may require proof of reliance in some but not all instances.

As observed by one authority, "[r]eliance and causation are twin concepts, often intertwined, but not identical, and in some circumstances reliance can be an element of causation." Carolyn L. Carter & Jonathan Sheldon, Unfair and Deceptive Acts and Practices § 4.2.12.5, 215 (7th ed., 2008), citing Stutman v. Chemical Bank, 95 N.Y.2d 24, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000); Smoot v. Physicians Life Ins. Co., 135 N.M. 265, 87 P.3d 545 (N.M.Ct.App.2003); Sanders v. Francis, 277 Or. 593, 561 P.2d 1003 (1977). As aptly illustrated by the Oregon Supreme Court in Sanders v. Francis:

In many cases plaintiff's reliance may indeed be a requisite cause of any loss, i.e. when plaintiff claims to have acted upon a seller's express representations. But an examination of the possible forms of unlawful practices shows that this cannot invariably be the case. Especially when the representation takes the form of a 'failure to disclose' …, it would be artificial to require a pleading that plaintiff had 'relied' on that non-disclosure. Similarly, if the particular violation … is a sale made in wilful disregard of the advertised price, and intended at the time of the advertisement, then plaintiff's damage results precisely from defendants' reliance on her ignorance, not from plaintiff's reliance on defendants' advertisement. Whether … [the consumer protection act] requires reliance as an element of causation necessarily depends on the particular unlawful practice alleged.

Id. at 1006.

Following this reasoning, when consumers allege that a purchase was made because of an express or affirmative misrepresentation, the causal connection between the deceptive conduct and the loss would necessarily include proof of reliance on those overt representations. Cf. Group Health Plan, Inc. v. Philip Morris, Inc., 621 N.W.2d 2 (Minn.2001); Tucker v. Blvd. At Piper Glen LLC, 150 N.C.App. 150, 564 S.E.2d 248 (2002); Feitler v. The Animation Celection, Inc. 170 Or.App. 702, 13 P.3d 1044 (2000); Schnall v. AT & T Wireless Servs., Inc., 168 Wash.2d 125, 225 P.3d 929 (2010). Where concealment, suppression or omission is alleged, and proving reliance is an impossibility, the causal connection between the deceptive act and the ascertainable loss is established by presentation of facts showing that the deceptive conduct was the proximate cause of the loss. In other words, the facts have to establish that "but for" the deceptive conduct or practice a reasonable consumer would not have purchased the product and incurred the ascertainable loss. We find that this approach best serves the WVCCPA's dual purpose of protecting the consumer while promoting "fair and honest competition." W. Va.Code § 46A–6–101. Thus, a private cause of action under the provisions of West Virginia Code § 46A–6–106(a) of the West Virginia Consumer Credit and Protection Act must allege: (1) unlawful conduct by a seller; (2) an ascertainable loss on the part of the consumer; and (3) proof of a causal connection between the alleged unlawful conduct and the consumer's ascertainable loss. Where the deceptive conduct or practice alleged involves affirmative misrepresentations, reliance on such misrepresentations must be proven in order to satisfy the requisite causal connection.

Turning to the facts in the matter now before us, we are simply not convinced

that a causal connection exists within the context of prescription drug purchases. Prescription drug cases are not the type of private causes of action contemplated under the terms and purposes of the WVCCPA because the consumer can not and does not decide what product to purchase. A New Jersey appellate court in *New Jersey Citizen Action v. Schering–Plough Corporation*, 367 N.J.Super. 8, 842 A.2d 174, (2003), *certif. denied*, 178 N.J. 249, 837 A.2d 1092 (2003), made a related observation in a consumer protection case involving a prescription drug when it said: "[T]he intervention by a physician in the decision-making process necessitated by his or her exercise of judgment whether or not to prescribe a particular medication[,] protects consumers in ways respecting efficacy that are lacking in advertising campaigns for other products." *Id.* at 177–178. After generally noting the essential difference between the pharmaceutical industry and other companies, the New Jersey appellate court further ascertained that the high degree of federal regulation of prescriptive drug products attenuates the effect product marketing has on a consumer's prescriptive drug purchasing decision. *Id.* at 178. This Court has previously taken into account the high degree of federal regulation when deciding a WVCCPA case. *See State ex rel. McGraw v. Bear, Stearns & Co., Inc.*, 217 W.Va. 573, 618 S.E.2d 582 (2005) (concluding that the service of providing securities investment advice did not fall within the scope of the WVCCPA). Additionally one authority suggests that "[t]here is a strong argument that the scope of [consumer protection acts] was never meant to include FDA-approved drugs. The clear public policy behind these provisions is that consumer protection laws were meant to fill a gap by protecting consumers where product safety was not already closely monitored and regulated by the government." Victor E. Schwartz, Cary Silverman, Christopher E. Appel, *"That's Unfair!" Says Who—The Government or the Litigant? Consumer Protection Claims Involving Regulated Con-*duct, 47 Washburn L.J. 93, 119 (2007). *See also De Bouse v. Bayer AG*, 235 Ill.2d 544, 337 Ill.Dec. 186, 922 N.E.2d 309, 318 (2009) (mere selling of a prescription medication cannot serve as a basis for a consumer fraud claim). Accordingly, for the reasons stated above, we find that the private cause of action afforded consumers under West Virginia Code § 46A–6–106(a) does not extend to prescription drug purchases. *But see State ex rel. Johnson & Johnson Corp. v. Karl*, 220 W.Va. 463, 647 S.E.2d 899 (2007) (duty of drug manufacturers to warn in context of product liability cases). Consequently, upon remand of this case, an order of dismissal should be entered in keeping with this new point of law.

## V. Conclusion

For the reasons set forth above, we answer the reformulated certified question as follows:

Does the "as a result of" language in Section 46A–6–106(a) of the West Virginia Consumer Credit and Protection Act require proof of reliance on alleged affirmative misrepresentations in order to satisfy the element of causation in private causes of action brought pursuant to the Act?

Answer: Yes.

Certified question answered.

Chief Justice Davis disqualified.

Senior Status Judge Fox, sitting by temporary assignment.

Justice Workman disqualified.

Judge Aboulhosn, sitting by temporary assignment.